326 So.2d 497 (1976)
Mrs. Frank CLARK
v.
I. H. RUBENSTEIN, INC.
No. 56665.
Supreme Court of Louisiana.
January 19, 1976.
Dissenting Opinion February 20, 1976.
Rehearing Denied February 20, 1976.
J. D. De Blieux, De Blieux & Adams, Baton Rouge, for plaintiff-applicant.
Charles W. Franklin, Franklin, Moore & Walsh, Baton Rouge, for defendant-respondent.
DENNIS, Justice.
This is a suit for damages by a shopper who suffered humiliation and embarrassment as a consequence of the alleged unlawful detention and search of her parcels by employees of a department store.
The facts are not in dispute. Two or three days before the incident occurred, I. H. Rubenstein, Inc. installed an electronic anti-shoplifting system in its Baton Rouge Broadmoor store. To inform the public of the installation Rubenstein's posted notices in its store and caused it to be publicized by newspapers and television stations. The system consisted of devices which emitted an audible alarm upon the passage of a *498 special tag through an invisible electronic field at any exit of the building. The tags were attached to articles of merchandise in the store and Rubenstein's sales personnel were instructed to remove the tags from each item sold. Thus it was intended that purchasers of merchandise would pass through the electronic field without incident, but the sounding of the alarm would alert store personnel to the possibility of a theft being committed. However, during the first three days the system was in operation the alarm was activated 5 or 10 times by an employee's failure to remove a tag. The system was also susceptible to being set off accidentally by transistor radios and other objects, as well as the special merchandise tags.
As Mrs. Frank Clark was leaving the store on August 4, 1973, with several parcels she had bought, the alarm went off. It is not disputed that the store was crowded and a number of other shoppers heard the electronic buzzer and witnessed the events which followed. Upon hearing the alarm, one of Rubenstein's male employees followed Mrs. Clark from the store and asked her to return. She complied with this request and also allowed him and another male employee to search her shopping parcels in view of other shoppers inside the store. Thereupon, it was discovered that a sales clerk had failed to remove a tag from an item of merchandise paid for by Mrs. Clark. She was allowed to leave with apologies from the manager, and none of the store's personnel accused her of any wrongdoing or acted discourteously. Nevertheless, Mrs. Clark testified that the experience was embarrassing and that she was so upset by it that she took medication to calm herself when she got home.
This suit was brought by Mrs. Clark against I. H. Rubenstein, Inc. in the City Court of the City of Baton Rouge. The trial judge, in oral reasons for judgment, found that plaintiff suffered humiliation and embarrassment caused by a sales clerk's failure to remove the tag, but he nevertheless rejected her claim for damages. The Court of Appeal affirmed the judgment of the City Court and stated that Mrs. Clark had been lawfully detained under La.Code of Criminal Procedure Article 215, which, in pertinent part, provides:
A peace officer, merchant, or specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
We are uncertain of the rationale of the Court of Appeal decision. The language of the opinion and the authority cited therein indicate two possible conclusions. The Court of Appeal held either that the merchant, I. H. Rubenstein, Inc., had reasonable cause to believe that Mrs. Clark had committed theft of goods held for sale by it and, therefore, also had probable cause to detain and question her, or that the request by the defendant's employee that she return to the store and submit to a search of her packages did not amount to a detention because she voluntarily complied with the request.
We cannot agree with either proposition. The acts and knowledge of both the employee who failed to remove the tag from the merchandise, as well as the one who heard the alarm and ran after Mrs. Clark must be attributed to their employer, I. H. Rubenstein, Inc. The employee who failed to remove the tag either knew or should have known that her action would lead to the triggering of the antishoplifter alarm and cause Mrs. Clark to appear to be a possible shoplifter. The evidence reflects that, during the two or *499 three days before this happened, on about half of the times the alarm was sounded, it was caused by either an employee's error or by other imperfections in the system. Because knowledge of these facts was attributable to I. H. Rubenstein, Inc., as well as knowledge of the sales clerk's failure to remove the tag on the occasion in question here, the defendant did not have reasonable grounds to believe that the sounding of the alarm was caused by a theft of goods by Mrs. Clark.
Under the facts as found by both courts below Mrs. Clark was certainly subjected to a detention. When the alarm was given, and she was asked to return for a search of her goods in the presence of other shoppers, there were only two courses of action available to her. She could have attempted to leave the scene, thus tending to confirm the suspicions of the store's employees and by-standers that she had stolen something, and subjecting herself to more severe embarrassment and possible restraint by force. Instead, she chose the more sensible course and mitigated her humiliation by submitting to a public inspection of her packages. Under the circumstances, her freedom of choice and action were certainly restricted and a restraint was effectively placed upon her liberty.
Our conclusions are in accordance with principles established by Louisiana jurisprudence and that of other states. Detention grounded on substantial action by the customer showing an intent to steal has been upheld as lawful. Coates v. Schwegmann Bros., 152 So.2d 865 (La.App. 4th Cir. 1963); Simmons v. J. C. Penny, 186 So.2d 358 (La.App. 1st Cir. 1966). But merchants who detained shoppers on the basis of mere suspicion, and without reasonable cause, have been subjected to liability. Wilde v. Schwegmann Bros. Giant Supermarkets, 160 So.2d 839 (La.App. 4th Cir. 1964); Bacharach v. F. W. Woolworth Co., 160 So.2d 854 (La.App. 4th Cir. 1964). See Hargrove, Louisiana Merchant Detention Statute, 25 La.L.Rev. 956 (1965).
Courts in other jurisdictions have held that restraint of personal liberty by fear of a personal difficulty amounts to a false imprisonment, and that detention of a shopper by a merchant is privileged only where the facts would cause a prudent and cautious man to reasonably believe that the customer is guilty of shoplifting. E.g., Coblyn v. Kennedy's, Inc., 359 Mass. 319, 268 N.E.2d 860 (1971); Annotation, Construction and Effect, in False Imprisonment Action, of Statute Providing for Detention of Suspected Shoplifters, 47 ALR 3rd 998.
We conclude that Mrs. Clark, the plaintiff, was detained and searched by employees of the defendant, I. H. Rubenstein, Inc., and that due to facts of which the defendant was or should have been aware, the defendant did not have reasonable cause to believe that she had committed theft of goods held for sale by it. Mrs. Clark is entitled to compensation for the embarrassment and humiliation caused her by the incident.
For the reasons assigned, the judgment of the Court of Appeal is reversed and this case is remanded to the Court of Appeal, First Circuit, for further consideration and award of damages.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
This case involves the standard of care a merchant or his employees must exercise to detain and question a person when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant. La.Code Crim.Pro. art. 215. In my view the defendant here has exercised that care and caution which a reasonable merchant would exercise under the circumstances and that the law expects *500 nothing more. In fact, this defendant took precautions which the ordinary merchant does not take.
An electronic anti-shoplifting system was installed in its store. The public was informed of the fact by posting notices in the store and publication of this fact in the news media. This was an effort on the part of the defendant to remove a great part of the element of error involved in the usual method of detecting shoplifters without the aid of the electronic system. True this electronic system may not have been perfect, and the element of human error continued to be involved by requiring the clerks to remove the sensitized tags, but it was undoubtedly an improvement over the usual method; and, significantly, it was more than the ordinary care merchants took to protect their customers.
The notion of fault in Article 2315 of the Civil Code, as the courts have understood it throughout the years, is conduct which violates the standard of reasonableness in the community, an act that a careful and prudent person would not undertake. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The concept is embodied in Article 215 of the Code of Criminal Procedure when it permits a merchant to detain a person for questioning "when he has reasonable cause to believe that the person has committed theft of goods."
Article 2315 of the Civil Code does not require a merchant to be infallible in his effort to detect shoplifters, nor does Article 215 of the Code of Criminal Procedure impose such a standard.
In my view this defendant did all that was required to act reasonably under the circumstances, and their precautions met the standard of care imposed upon them by law.
I respectfully dissent.