389 So.2d 902 (1980)
Mrs. Melba Acquistapace, wife of/and Harry E. LINDSEY, Sr.
v.
SEARS, ROEBUCK AND CO.
No. 11277.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
*903 Roccaforte & Rousselle, Leo W. Rousselle, New Orleans, for plaintiffs-appellees.
Chaffe, McCall, Phillips, Toler & Sarpy, James A. Babst, James J. Gillespie, New Orleans, for defendant-appellant.
Before SAMUELS, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
Defendant appeals from a $500.00 award in favor of plaintiffs arising out of the detention of Mrs. Melba Lindsey on March 9, 1977, by store detectives when an electronic alarm was triggered by a tag on merchandise purchased and paid for by plaintiff, from which the sales person neglected to remove the tag.
In answer to the appeal plaintiffs seek an increase in the amount of the award.
Relying on Louisiana Code of Criminal Procedure Art. 215(B),[1] defendant contends that notices were posted to advise that the electronic shoplifting device was being utilized in the store and that the signal from the device, under these circumstances, constituted "a sufficient basis for reasonable cause" to detain plaintiff. According to defendant, because of the existence of "reasonable cause" and because the time of detention did not exceed five or ten minutes, well within the "sixty-minute" time permitted under LSA-C.Cr.P. art. 215(A),[2] plaintiffs are not entitled to recover. Defendants further claim that because Mrs. Lindsey failed to observe and heed the posted notices and because she contributed to the sales clerk's confusion by exchanging the original items for same-priced articles of different size after the sale had been run through the register,[3] plaintiffs' recovery is barred by contributory negligence.
Relying on Firstley v. Bill Watson Ford, Inc., 268 So.2d 314 (La.App. 4th Cir. 1972), *904 plaintiffs contend that the neglect of the sales clerk in failing to remove the tag triggered the electronic device, resulting in Mrs. Lindsey's unlawful detention. See also, Jones v. Simonson, 292 So.2d 251 (La. App. 4th Cir. 1974).
In Clark v. I.H. Rubenstein, Inc., 326 So.2d 497 (La.1976), recovery was permitted for embarrassment and detention caused by the sales clerk's failure to remove the tag from the merchandise sounding the alarm, resulting in Clark's detention. Defendant points out, however, that following the result reached by the Clark court in February 1976, the Louisiana Legislature, in the next legislative session, adopted Art. 215(B)[4] of the Code of Criminal Procedure which provided that when notice is posted, reasonable cause to detain exists when the electronic device is triggered.
It is clear that the responsibility for the removal of the tags from the merchandise rests with the sales clerk. There exists some evidence in the record that different sized shirts were exchanged by plaintiff during the time the purchase was being made and the price paid. Nonetheless, it was the sales clerk's failure to remove the tag on the merchandise, which had been purchased, that triggered the electronic device. Despite this fact, it is clear, from a reading of the statute, that the legislature intended to afford to the merchant a right, within statutory limitations, to detain a person when the electronic device has been triggered.
The more troublesome question, therefore, is not whether "reasonable cause" exists, but whether the method and extent of plaintiff's detention was reasonable under the circumstances of this case. In this connection, Melba Lindsey testified that she had purchased two shirts, and after she had descended the escalator and was going out of the side-door of the store at Baronne and Common, a detective gently placed his hand on her arm indicating it would be necessary for her to be taken to another store detective. She stated that she indicated to him that he was making a mistake; however, they went back into the store and the other detective took the package from her hand and emptied the contents on a counter. According to Mrs. Lindsey, during this time she was embarrassed because other customers in the store were looking at her. After the receipt was found in the bag, one of the detectives removed the plastic tag from the merchandise and walked away. Plaintiff stated that instead of the detectives taking her into a private room to conduct the inspection they emptied the contents in the presence of other customers and made a "spectacle" of her, causing humiliation and embarrassment resulting in nervousness, anxiety and vomiting.
According to the sales clerk, plaintiff returned with the security people, and at that time the clerk "apologized for the mistake", although she was of the opinion that Mrs. Lindsey had contributed to the error. According to this witness, only five or ten minutes had elapsed between the time plaintiff walked away from her after the purchase and she returned with the store detective.
The security manager at Sears testified concerning the operation of the system, but added little or nothing regarding the incident. He explained that one of the store detectives who detained plaintiff was not employed by Sears any longer.
Although it would have been advisable, perhaps, to ask plaintiff to produce the receipt for the purchase immediately after the device was triggered, or to escort her to the privacy of an area unobserved by other customers, we cannot say the manner in which Mrs. Lindsey was detained or the extent of her detention was unreasonable. Under the circumstances, plaintiffs are not entitled to recover.
*905 Our determination is not based upon a manifestly erroneous factual conclusion of the trial judge, but is based upon the application of the amended statute to substantially unconflicting facts. Accordingly, the judgment in favor of plaintiffs is reversed and set aside and their suit is dismissed at their cost.
REVERSED AND RENDERED.
NOTES
[1] La.Code of Criminal Procedure Art. 215, sub-paragraph (B), reads as follows:

"B. If a merchant utilizes electronic devices which are designed to detect the unauthorized removal of marked merchandise from the store, and if sufficient notice has been posted to advise the patrons that such a device is being utilized, a signal from the device to the merchant or his employee indicating the removal of specially marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person."
[2] La.Code of Criminal Procedure art. 215(A) reads as follows:

"A. A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes. when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest."
[3] According to both plaintiff and the sales clerk, Mrs. Lindsey had purchased two shirts of the same size. After the price had been placed on the register, Mrs. Lindsey then exchanged one of the two shirts for a different size. The purchase price of the different-sized shirt was the same. In the exchange between the time the price had been rung up on the machine and payment was made to the clerk, the clerk neglected to remove the plastic tag on the exchanged shirt.
[4] This amendment became effective October 1, 1976 by the adoption of Act 339 of the Regular Session of the Louisiana Legislature of 1976.