409 So.2d 1268 (1982)
Dempsey ALLEN and Merlie Sue Prisock Allen, Plaintiffs-Appellants,
v.
SEARS, ROEBUCK & COMPANY, et al., Defendants-Appellees.
No. 14747.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
Writ Granted March 19, 1982.
*1270 Donald R. Miller, Shreveport, for plaintiffs-appellants.
Wilkinson & Carmody by Arthur R. Carmody, Jr., Mayer, Smith & Roberts by A. J. Gregory, Jr., Shreveport, for defendants-appellees.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Plaintiffs, Merlie Allen and her husband Dempsey, appeal a summary judgment rejecting their demands for medical expenses and general damages suffered by Mrs. Allen after she was stopped exiting a Sears, Roebuck & Company store because her passage activated a shoplifting detection device. The defendants are Sears, Roebuck & Company, Palais Royal, Inc., and Federal Insurance Company, Palais Royal's insurer.
Sears' motion for summary judgment was based upon the pleadings and affidavits of its employees. Palais Royal and Federal relied upon Sears' affidavits and the pleadings supplemented by an affidavit from its store manager and the deposition of one of its store clerks to support its motion for summary judgment. The plaintiffs filed affidavits opposing the motions. The district judge granted the motion for summary judgment and dismissed the action. Plaintiffs appealed and we affirm.
THE FACTS
In November, 1979, Mrs. Allen and her daughter, Audrey Herring, were shopping in the Palais Royal store located in Mall St. Vincent in Shreveport, Louisiana. Mrs. Allen found a purse she wished to buy, but could not find a sales clerk in that department. She then went to the cosmetic department and got its clerk, Eva Hughes, to check her out.
Hughes rang up the sale and then examined the purse to remove the special inventory tag which activates Palais Royal's electronic shoplifting detection system. Hughes could not find such a tag in the purse so she placed it in a sack and gave it to Mrs. Allen. Mrs. Allen and her daughter then left the store and passed through the detection system without incident.
During lunch Mrs. Allen transferred the contents from her old purse into the new purse and placed her old purse in the Palais Royal sack. The two women then continued their shopping in the Sears store located in the mall. On their entrance into the Sears store they passed through Sears' detection system without incident. Both Sears and Palais Royal prominently displayed signs informing patrons that electronic shoplifting equipment was in use.
Mrs. Allen made a purchase in the Sears store. She placed the Palais Royal sack containing her old purse in the larger Sears sack and began leaving the store with her daughter. When Mrs. Allen passed through the detection system on the way out it was activated by her passage. There is some dispute as to how the Sears employees reacted.
The affidavits of the Sears' employees recount this version. A saleswoman approached Mrs. Allen and explained that a clerk had probably failed to remove an inventory tag from her purchase. Mrs. Allen then handed the lady the Sears bag, but no tag was found on the Sears purchase. The saleswoman then noticed the Palais Royal sack. Mrs. Allen explained that she had just bought a purse at Palais Royal. Mrs. Allen then opened the new purse where the clerk found a Palais Royal inventory tag which had triggered Sears' device. The saleslady and a security guard who had walked up explained the operation of the equipment to Mrs. Allen.
Mrs. Allen and her daughter's affidavits recalled the incident differently. They said that after the alarm sounded a saleslady approached and snatched the Sears bag from Mrs. Allen's hands. The saleslady and a security guard who soon arrived began going through the sack without any explanation despite Mrs. Allen's requests for one. The Sears employees then found the Palais Royal tag and told her it had activated the system.
There is no dispute as to what followed the incident in Sears. Mrs. Allen returned *1271 to Palais Royal and demanded that Ms. Hughes come with her to Sears and explain what had happened. Mrs. Allen also complained to the Palais Royal manager and he and Ms. Hughes returned to Sears with Mrs. Allen where they explained what had happened and apologized for the incident.
Mrs. Allen was very upset by the incident. She visited a hospital emergency room, a physician, and took medication for the treatment of her agitation.
Plaintiffs then brought this action. The defendants moved for summary judgment. The trial judge granted the motion for summary judgment concluding that the defendants' conduct was sanctioned by LSA-C.Cr. P. art. 215.[1]
The plaintiffs appeal and set out three assignments of error. First, that the trial judge erred in failing to hold LSA-C.Cr.P. art. 215 unconstitutional. Second, that the trial judge erred in finding that LSA-C.Cr. P. art. 215 protected a defendant who had failed to remove a tag from merchandise. Third, that it was error for the trial judge to fail to hold Palais Royal liable under LSA-C.C. art. 2322,[2] contending Palais Royal's detection system was in ruin because it was not triggered when Mrs. Allen walked through it carrying her purse containing the tag designed to activate the system.
Summary judgment should be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); LSA-C.C.P. art. 966.[3] The mover must show that there was no genuine issue of material fact and reasonable minds must inevitably conclude that he is entitled to judgment as a matter of law for summary judgment to be warranted. Chaisson, supra.
LIABILITY UNDER ARTICLE 2322
The appellants contend that Palais Royal should be liable under LSA-C.C. art. 2322 as the owner of premises which had an object of ruin, a defective shoplifting detection device.[4]
There are three elements which are required for the imposition of liability under LSA-C.C. art. 2322: (1) there must be a building; (2) the defendant must be its owner; and (3) there must be a ruin, due to a vice in construction or failure to repair, which caused the damage for which recovery *1272 is sought. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978).
The third requirement is lacking in this case. Plaintiffs never suggest how the alleged ruin, the detection system, is causally connected with the damage. The damage was not caused by the failure of Palais Royal's system to go off. It was caused by the failure of Hughes to find and remove the tag. Once that had occurred the incident complained of was set to occur and it would have occurred at Palais Royal had its system been activated. The failure of Palais Royal's detection system did not cause plaintiff's damage, instead, it delayed the occurrence of the damage. Assignment number three is without merit.
THE APPLICABILITY OF LSA-C.CR.P. ART. 215
Appellants contend that Article 215 should not protect these defendants because it was not intended to provide immunity to merchants who detain innocent customers because of neglect of the clerk to remove the tag and because of defective detection equipment which only activates one-third of the time. We shall first consider this assignment of error as it applies to Sears.
The incident occurred in the Sears store. There were signs warning that electronic detection equipment was in use. Mrs. Allen activated the equipment when she was exiting the store, and, therefore, was briefly detained until the Palais Royal tag was discovered. Even under Mrs. Allen's and her daughter's description of the incident we cannot say that the detention and search, while perhaps discourteous, were unreasonable in force or duration.[5] We conclude that Sears was within the protection of LSA-C.Cr.P. art. 215 in its actions.
A similar case with the same result is Lindsey v. Sears, Roebuck & Co., 389 So.2d 902 (La.App. 4th Cir. 1980). In Lindsey the plaintiff was leaving the store with her purchase when a tag which a sales clerk had failed to remove activated the store's detection equipment. Plaintiff was stopped by a store detective who took her back inside the store where the contents of her bag were examined until the plaintiff's receipt was found. Upon discovery of the receipt the plaintiff was released. The clerk who had failed to remove the tag apologized to the plaintiff for her error. The court concluded that the detention was not unreasonable in manner or extent, and that, therefore, the store was protected by LSA-C.Cr.P. art. 215. It is even more apparent here than in Lindsey that Sears is covered by the Article. In this case it was not even a Sears employee who failed to remove the tag. Instead, it was the employee of another store who failed to remove the tag.
Appellants' contention that the immunity provided to Sears by LSA-C. Cr.P. art. 215 should not apply because the detection system failed to trigger when she entered the store is without merit because the failure of the device to activate caused her none of the alleged damages. We also conclude that the language of subsection B". . a signal from the device to the merchant or employee indicating the removal of specifically marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person" does not require the person so detained to have triggered the device with the merchant's merchandise containing the activating tag. The language of the statute requires only that the signal be transmitted indicating the customer is exiting with tagged merchandise and applies to provide "reasonable cause to detain" and there is immunity when the signal is given due to a malfunction in the detecting device causing the signal to occur even when the customer does not have merchandise containing the sensormatic tag.
Whether Palais Royal and its insurer should be protected by Art. 215 is a more difficult question, as plaintiff contends that *1273 the immunity provided by the Article is inapplicable to a detention brought about by a failure of the defendant's employee to remove the tag which triggered the alarm from the merchandise. Its answer requires a consideration of the purpose behind Article 215.
The purpose behind the enactment of Louisiana's first merchant detection statute in 1958 (then R.S.15:84.5 which is the source of Art. 215) was to assist merchants in dealing with the increasing problem of shoplifting. 25 La.L.Rev. 956. In the case of Thompson v. LeBlanc, 336 So.2d 344 (La. App. 1st Cir. 1976), the court stated that the intent of C.Cr.P. art. 215 was to provide shopkeepers and merchants a reasonable means of protecting their goods against theft compatible and consistent with the constitutional guaranteed protection of patrons and customers from unreasonable detention and search for suspected crimes.
The official comments under C.Cr.P. art. 215 recognizes that while it does not contain the specific immunity provisions for civil and criminal liability contained in the source legislation (R.S.15:84.5) that immunity will naturally follow if the detention is authorized by the statute and the cases decided under C.Cr.P. art. 215 have provided the immunity from liability where the merchants action has been found authorized by art. 215. See Thompson, supra, and cases therein cited, and also Lindsey, supra.
Shoplifting continues to be an ever-growing problem. Merchants have sought to employ new methods and tactics, including electronic detection equipment to combat it. The case of Clark v. I. H. Rubenstein, Inc., 326 So.2d 497 (La.1976), dealt with the use of electronic detection equipment.
In Clark a shopper was allowed to recover damages when she was detained because a clerk had failed to remove an inventory tag which activated the detection equipment when the shopper left the store. In the next session of the legislature, following the Clark decision, the 1976 legislature, by Act no. 339, amended LSA-C.Cr.P. art. 215 to add Subdivision B to provide that a signal from the electronic device shall constitute a reasonable cause for the detention. The intent of the legislature is to be ascertained by inquiring into what was its motive in acting, what mischief was to be avoided or remedied, and what object obtained. Tennessee Gas Transmission Co. v. Violet Trapping Co., 248 La. 49, 176 So.2d 425 (1965). The action of the legislature shows that it was their purpose and intent to encourage and protect the use of electronic detection equipment in combatting shoplifting.
A statute should be construed so as to accomplish its purpose and object and give effect to the legislative will. State in Interest of Bruno, 388 So.2d 784 (La.1980); J. M. Brown Const. Co. v. D & M Mechanical Con., Inc., 275 So.2d 401 (La.1973).
In light of the purpose and object behind LSA-C.Cr.P. art. 215 its fair construction requires that it be construed to protect Palais Royal in this case and under these facts. There is no sound reason why Palais Royal should not be entitled to the benefits of Article 215 when the failure to remove the tag triggered the electronic detection system in another store rather than triggered the detection system in Palais Royal under which circumstance it would be entitled to rely on LSA-C.Cr.P. art. 215. See Lindsey v. Sears, supra. Assignment number two is without merit.
THE CONSTITUTIONALITY OF LSA-C. CR.P. ART. 215
The appellants' final contention is that Article 214 violates the fourth amendment of the United States Constitution and Article 1, Section 5 of the Louisiana Constitution.
The detention and search in this case were performed by private individuals who were employees of Sears. The fourth amendment limits the activities of government, not of private persons. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); Walter v. United States, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980); State v. Hutchinson, 349 So.2d 1252 *1274 (La.1977); White v. Scrivner Corp., 594 F.2d 140 (5th Cir. 1979). Thus, Article 215 does not contravene the fourth amendment since it is concerned with the activities of private persons while the fourth amendment regulates the activity of government.
The appellants also contend that Article 215 is invalid under Article 1, Sec. 5 of the Louisiana Constitution.[6] Appellants rely on State v. Nelson, 354 So.2d 540 (La.1978).
In Nelson a patron of a store was thought to have taken a diamond ring. The patron was taken to a back room by two private security guards where he was handcuffed and strip searched. When one of the guards thought he saw the ring in the customer's mouth the guards choked him to prevent his swallowing it. During the choking the patron made an inculpatory statement which was introduced at the patron's criminal trial over his objection. The court there stated:
"The store's security guards, who were not commissioned as police officers, detained and questioned the accused under purported authority of La.C.Cr.P. art. 215, the `shoplifters' statute. This permits `a specifically authorized employee of a merchant' to `use reasonable force to detain a person for questioning on the merchant's premises,' when there is reasonable cause (as there was here) to believe that the detained person has committed a theft of the merchant's goods held for sale.
However, even though there may be probable cause for detention and inquiry, the search itself may be unreasonable in method or extent so as to go beyond the statutory authorization. "Id. at 542.
The court found the search to have been unreasonable and concluded that the statement should be excluded as obtained in violation of Article 1, Section 5. That holding does not impugn the constitutionality of LSA-C.Cr.P. art. 215.
The search in Nelson was clearly unreasonable and obviously far beyond any conduct sanctioned by Article 215. We think the rule of Nelson is that Article 1, Section 5 prohibits unreasonable searches by anyone, whether private persons or police. Article 215 only provides that detentions conducted in accord with its provisions are reasonable. Thus, any detention and search which does not violate Article 1, Section 5 and is carried out in accord with Article 215 is protected. To that extent, and in this case, there is no constitutional infirmity of the statute.[7]
We conclude that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Therefore, the judgment appealed from is affirmed. All costs of this appeal are taxed against the appellants.
AFFIRMED.
NOTES
[1] C.Cr.P. art. 215-A. A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.

A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest.
B. If a merchant utilizes electronic devices which are designed to detect the unauthorized removal of marked merchandise from the store, and if sufficient notice has been posted to advise the patrons that such a device is being utilized, a signal from the device to the merchant or employee indicating the removal of specially marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person.
[2] C.C. art. 2322The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
[3] C.C.P. art. 966The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.

The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
[4] This basis of liability is not asserted against Sears.
[5] Though there is some dispute as to the action of the Sears' employees, their actions under either version were reasonable and, therefore, there is no genuine issue of material fact presented by the factual dispute as to the application of LSA-C.Cr.P. art. 215.
[6] Sec. 5Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
[7] Of course Article 215 cannot authorize any activity which would violate the constitution.