418 So.2d 1361 (1982)
A.M. PARKER and Ruth Gibson Parker, Plaintiffs-Appellants,
v.
SEARS, ROEBUCK & CO., Defendant-Appellee.
No. 14794.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1982.
On Rehearing August 17, 1982.
*1362 Richie & Richie by John A. Richie, C. Vernon Richie and Byron A. Richie, Shreveport, for plaintiffs-appellants.
Wilkinson & Carmody by Arthur R. Carmody, Jr., Shreveport, for defendant-appellee.
Before PRICE, MARVIN, FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
NORRIS, Judge.
Plaintiffs, A.M. and Ruth Gibson Parker, appeal the granting of a summary judgment rejecting their demands for medical expenses and general damages suffered by Mrs. Parker after she was stopped while exiting a Sears store after her passage from the store activated its Sensormatic alarm system.
Sears' Motion for Summary Judgment was based on the pleadings and four affidavits of the Sears' employees involved in the incident. Plaintiffs filed no counter affidavits or other pleadings in opposition to the motion for summary judgment. After a hearing on the motion, the trial court granted the motion, dismissing plaintiffs' actions. We affirm.
On October 5, 1979, Mrs. Parker and her sister-in-law went shopping at a Sears store and made certain purchases after which she proceeded to leave the store through its east exit. As she passed through the exit an alarm and flashing red light were activated. Thereafter, she was stopped by an employee of Sears who took Mrs. Parker's packages from her possession and emptied their contents onto a counter. After the employee searched the contents of the packages, a "clip" was found on the bottom of a garment which was specifically designed for the purpose of activating the alarm system should someone exit the store with this "clip" in his possession. In this instance, it is undisputed that Mrs. Parker had paid for her items and that the sales person who transacted the sale had failed to remove the "clip" from the item purchased.
The affidavits of each of the Sears' employees are to the effect that Mrs. Parker was stopped, asked to return to the men's department to have a sensormatic tag removed from her purchase after which the incident was logged in the sensormatic activity log. It is further asserted in these affidavits that the employees explained to Mrs. Parker that a mistake had been made by a salesperson in leaving the tag on the garment and that she was not detained by force. They further declared that there was a sign on each door of the store to the effect that the store is electronically protected by this sensormatic system.
There is no question but that Mrs. Parker was extremely upset by this incident and immediately thereafter went to the department where she had made her purchases to return them.
Plaintiffs then brought this action which was dismissed by the granting of the summary judgment made the subject of this appeal. One assignment of error is asserted, i.e., that the trial court erred in granting *1363 a summary judgment in favor of defendant based on Article 215 of the Louisiana Code of Criminal Procedure.[1]
It is a well settled principle of law that a summary judgment should be granted only if there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. Chaisson v. Dominque, 372 So.2d 1225 (La. 1979); Louisiana Code of Civil Procedure Article 966.[2] For a summary judgment to be warranted, the mover must show that there was no genuine issue of material fact and reasonable minds must inevitably conclude that he is entitled to judgment as a matter of law. Chaisson, supra.
An initial question for determination here is whether defendant is entitled to summary judgment on the sole basis that plaintiff failed to respond to defendant's motion by providing some evidence of the existence of a genuine issue of material fact.
Louisiana Code of Civil Procedure Article 967 provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are *1364 presented in bad faith or solely for the purpose of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt. As amended Acts 1966, No. 36, § I."
In Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La. 1980) the court stated while addressing this exact issue:
"The 1966 Comment to C.C.P. 966 states that article 966 and article 967 were amended to accord with 1963 amendments to Rule 56 of the Federal Rules of Civil Procedure. The Notes of Advisory Committee on 1963 Amendment, Subdivision (e), the source provision of C.C.P. 967, observe, with respect to this question, that where `the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.' U.S.C. § 28, Federal Rules of Civil Procedure Rule 56. It is for this reason that article 967 provides that in the absence of a sufficient response, summary judgment shall be rendered `if appropriate.' On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings."
Therefore, since plaintiffs need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, we must determine based on the record of this particular case whether or not the granting of the Motion for Summary Judgment was appropriate in this case. We conclude that it was appropriate.
When a motion for summary judgment is filed and supported by sufficient affidavits, the adverse party cannot rely on the mere allegations of his petition but must present proof by affidavits setting forth facts showing that a genuine issue of fact exists for trial. See Acme Refrigeration of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La. App. 1st Cir. 1977).
An unsworn and unverified document is not of sufficient evidentiary quality as to be given weight in determining whether or not there is a genuine issue of material fact. Continental Casualty Co. v. McClure, 313 So.2d 260 (La. App. 4th Cir. 1975). The general rule is that a party opposing summary judgment must file counter affidavits as required by Louisiana Code of Civil Procedure Article 967 or state reasons by affidavit why he cannot and that counter affidavits need not be filed by the opposer if the motion has not been properly made. Harris Mortgage Corp. v. Johnson, 383 So.2d 801 (La. App. 1st Cir. 1980). In the instant case, since the motion was properly made and the affidavits supporting it were sufficient, then it became the responsibility of the plaintiff in his opposition to the motion to file counter affidavits or state reasons why he could not do so. In this instance, plaintiff did neither.
If the mover produces convincing proof by affidavits or other receivable evidence of fact upon which the motion is based and no counter affidavits or other receivable proof are offered by the opposing party to contradict that proof then the conclusion may be justified that there is no genuine issue as to facts so proved even though allegations to the contrary may be contained in the pleadings. Haley v. City of Opelousas, 347 So.2d 903 (La. App. 3rd Cir. 1977). The record in this case is totally void of any verified pleadings or other documents which would support plaintiffs' allegations in their unverified petition. Therefore, we conclude that the evidence in this case supports the conclusion that there is no genuine issue as to material fact.
*1365 This conclusion is based on the uncontradicted showing by defendant. Mrs. Parker was stopped by employees of Sears when the alarm system was activated upon her exit through its terminals. The affidavits clearly reflect that she was upset by the incident, but they do not in any respect reflect that she was unreasonably detained or treated in an unreasonable manner.[3] The facts shown by the affidavits could have been contradicted or shown to be untrue by counter affidavits, interrogatories, or depositions. Sufficeth to say, they were not. It has repeatedly been held that in the absence of counter-affidavits, it must be assumed that there is no dispute with regard to the facts set forth in defendant's affidavits. Roach v. Liberty Mutual Insurance Company, 279 So.2d 775 (La. App. 1st Cir. 1973).
Plaintiffs rather than filing counter-affidavits or other pleadings to assert a dispute as to material facts simply chose to argue that Article 4 of the Constitution of the United States[4] and Article 1, Section 5 of the Louisiana Constitution[5] afforded Mrs. Parker a right to be free from unreasonable arrest, searches, seizures, and invasions of privacy, a right that the Louisiana legislature cannot abrogate by granting civil immunity to persons who violate it. We agree that Mrs. Parker undeniably is vested with this constitutional right. However, there has been no showing here by plaintiffs that this right was violated by Sears in connection with this incident. Plaintiffs further contend that the trial court has interpreted Article 215 of the Code of Criminal Procedure as granting civil immunity to persons who subjected Mrs. Parker to an unreasonable arrest, search, seizure, and invasion of privacy. There has been no showing made here that the behavior of the Sears employees was unreasonable. Therefore, both of these arguments lack merit in this case.
In Lindsey v. Sears, Roebuck and Company, 389 So.2d 902 (La. App. 4th Cir. 1980), the court addressed the question of the reasonableness of the detention of a party who had triggered a similar (if not identical) device while leaving the store. The court stated that it was clear from a reading of the statute, that the legislature intended to afford a merchant a right within statutory limitations to detain a person when the electronic device has been triggered. It then addressed the question of whether the method and extent of the detention was reasonable under the circumstances of the case, after which it was determined that the detention was not unreasonable. We note from a reading of that case that the method of detention was similar to the facts as stated in plaintiff's petition.
Plaintiffs further assert that a merchant's reliance on an electronic alarm system for probable cause should be reasonable reliance and that Article 215 is constitutionally defective in that it does not require that a merchant be reasonable in his use of the electronic alarm system. They further contend that the statute must be read to mean that a merchant must use a reasonably accurate alarm system urging that the copy of the sensormatic activity log filed of *1366 record indicates an inaccurate system. We find no merit in these arguments.
We have recently addressed similar arguments in a very similar factual context in Allen v. Sears, Roebuck & Company, et al., 409 So.2d 1268 (La. App. 2nd Cir. 1982). In upholding the trial court's granting of a motion for summary judgment, we determined that Article 215 does not contravene the fourth amendment since it is concerned with the activities of private persons while the fourth amendment regulates the activity of government, and that Article 1, Section 5 prohibits unreasonable searches by anyone, whether private persons or law enforcement officials. We further concluded that Article 215 only provides that detentions conducted in accordance with its provisions be reasonable. Therefore, any detention and search which does not violate Article 1, Section 5 and is carried out in accord with Article 215 is protected. We further stated that:
"The language of the statute requires only that the signal be transmitted indicating the customer is exiting with tagged merchandise and applies to provide `reasonable cause to detain' and there is immunity when the signal is given due to a malfunction in the detecting device causing the signal to occur even when the customer does not have merchandise containing the sensormatic tag."
Therefore, we conclude in this case that there is no constitutional infirmity in the statute nor in the trial court's application of it based on the posture of this case. The trial court properly granted summary judgment since the uncontroverted affidavits of Sears employees indicate there to be no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. The judgment of the trial court is affirmed, and all costs of this appeal are taxed against appellants.
AFFIRMED.

ON REHEARING
FRED W. JONES, Jr., Judge.
In our original opinion we affirmed the trial court judgment sustaining defendant's motion for summary judgment and dismissing plaintiffs' suit. We granted a rehearing to re-examine our holding in light of the recent Louisiana Supreme Court case of Allen v. Sears, Roebuck & Co. et al., 412 So.2d 1095 (La. 1982), which reversed this court's judgment sustaining defendants' motion for summary judgment in a case involving a similar factual situation. See Allen v. Sears, Roebuck & Company et al., 409 So.2d 1268 (La. App. 2d Cir. 1982).
Pertinent to our disposition of this matter is the procedural posture of this litigation. The Parkers, husband and wife, filed suit against Sears, Roebuck & Company ("Sears") for damages allegedly sustained when one of defendant's store employees negligently failed to remove a Sensormatic tag from a blouse purchased by Mrs. Parker, thereby setting off an alarm system when Mrs. Parker sought to exit the store. Plaintiffs alleged the negligence of defendant and its employees consisted of:
(A) Failing to remove the "Clip" from the blouse which was purchased by Mrs. Parker;
(B) Failing to take necessary precautions and failing to use necessary procedures to prevent such incidents from occurring;
(C) Using an alarm system which, because of the bright red flashing light and loud sound of the alarm, drew unnecessary public attention to Mrs. Parker, thereby causing her extreme and unnecessary embarrassment and humiliation;
(D) The failure on the part of Sears and its employees to explain to the persons who had witnessed this incident that the incident had been caused by a mistake on the part of Sears and that Mrs. Parker was in no way guilty of shoplifting, thereby causing Mrs. Parker further extreme embarrassment and humiliation;
(E) Openly and forcibly taking Mrs. Parker's packages from her possession, thereby attracting unnecessary public attention to the incident;

*1367 (F) Using excessive and unnecessary force and action against Mrs. Parker thereby drawing unnecessary and unwarranted attention to the incident; and
(G) Illegally and unwarrantly detaining Mrs. Parker.
After filing an answer denying liability, defendant filed a motion for summary judgment pursuant to La. C.C.P. Article 966[1]. In support thereof, defendant filed affidavits by four of its employees, stating in substance that: around noon on October 5, 1979 the Sensormatic alarm sounded at one of Sears' exit doors; an employee approached Mrs. Parker and asked that she return to the men's department to have a Sensormatic tag removed from her purchase; the tag was removed by one of defendant's employees and the incident was noted in the Sensormatic log book; the merchandise was handed back to Mrs. Parker; Mrs. Parker, who was extremely upset and emotional, then returned the merchandise to the department where it was purchased; Sears has signs at each of its store entrances notifying the public that merchandise in the store is electronically protected by a Sensormatic device.
Plaintiffs filed no affidavits in opposition to the motion for summary judgment.
In our original opinion affirming the district court judgment sustaining the motion for summary judgment, we cited and relied upon our recent case of Allen v. Sears, supra. In acting upon the application of plaintiffs therein for a writ of certiorari or review, the Louisiana Supreme Court simply stated:
"Granted. Summary judgment reversed. Case remanded for trial on the merits."
It is axiomatic that a summary judgment should be granted under Article 966 only if the mover shows there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La. 1979).
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, the motion must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue and only at this point may he no longer rest on the allegations and denials contained in his pleadings. La. C.C.P. Art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980).
Here, plaintiffs have alleged, inter alia, that defendant's alarm system drew unnecessary public attention to Mrs. Parker and that defendant's employees failed to explain to onlookers that Mrs. Parker was not guilty of shoplifting, as suggested by the alarm signal. These allegations were unrefuted in the affidavits submitted by defendant in support of its motion for summary judgment. Consequently, the supporting documents in question were not sufficient to resolve all material fact issues and the trial judge erred in sustaining the motion for summary judgment.
For these reasons, we reverse the judgment of the district court; overrule the motion for summary judgment; and remand the case to the district court for further proceedings consistent with this opinion. Costs of appeal are assessed to appellee.
SEXTON, J., dissents.
NOTES
[1] Louisiana Code of Criminal Procedure Article 215 provides as follows:

A. A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest.
B. If a merchant utilizes electronic devices which are designed to detect the unauthorized removal of marked merchandise from the store, and if sufficient notice has been posted to advise the patrons that such a device is being utilized, a signal from the device to the merchant or his employee indicating the removal of specially marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person.
[2] Louisiana Code of Civil Procedure Article 966 provides as follows:

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
[3] Even if plaintiffs' unverified petition could be considered, the facts contained therein do not appear to describe an unreasonable detention; discourteous and abrupt perhaps, but not unreasonable.
[4] Article 4 of the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[5] Article 1, Section 5 of the Louisiana Constitution of 1974 provides:

Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
[1] Art. 966.

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.