CURRAULT, Judge.
Plaintiff, Beverly C. Daly, filed suit for damages sustained as a result of her being stopped and detained by store detectives when an electronic alarm was triggered by a tag on merchandise she had purchased. Defendants, City Stores and Travelers Insurance Company, filed a motion for summary judgment which was granted dismissing plaintiff’s suit. Summary judgment was based on the rationale that defendant’s actions were sanctioned by LSA-C.Cr.P. art. 215.
On April 25, 1979, Mrs. Daly entered a Maison Blanche department store owned and operated by defendant City Stores and insured by Travelers Insurance Company. She purchased a blouse and, as the sales clerk registered the purchase, requested the electronic tag be removed. After completing the purchase, she took her package and proceeded to exit the department store. As she was exiting, the electronic alarm system sounded and she was stopped by a detective employed by Maison Blanche. While a number of people watched, she was forced to open her shopping bag and the tagged merchandise was discovered. Mrs. Daly was then detained while department store personnel ascertained whether the merchandise had been paid for. After it had been determined the merchandise was indeed paid for, she was released.
*520 In support of their motion for summary judgment, defendants argued their actions were protected by LSA-C.Cr.P. art. 215. They additionally contend the instant case should be governed by Lindsey v. Sears, Roebuck and Company, 389 So.2d 902 (La.App. 4th Cir.1980).
However, more recently in Allen v. Sears, Roebuck and Company, 412 So.2d 1095 (La.1982), the Supreme Court indicated that a summary judgment was not the appropriate procedural vehicle to determine an issue such as presented here.
We agree and accordingly reverse and remand this case to the district court for trial on the merits. Assessment of costs of this appeal is to await the final determination of this suit.
REVERSED AND REMANDED.