DOUCET, Judge.
Plaintiffs, Brenda and William Herron, appeal from a judgment sustaining a court-supplied exception of prescription. Defendants answered the appeal asking for damages for frivolous appeal, and, in the event this court reverses the trial court judgment, that this court grant a previously filed motion for summary judgment.
This suit arose out of a claim for damages sustained by plaintiffs, husband and wife, after their arrest for possession of marijuana. Mrs. Herron, who was incarcerated in lieu of posting a $50,000 bond, alleged that she was forced by a deputy sheriff on duty at the Catahoula Parish jail to engage in sexual intercourse with him on two occasions, August 21 and 28, 1985. It was also alleged that the sheriff of Cata-houla Parish actively fostered a “cover-up” of the incidents. Named as defendants were the sheriff, Thomas L. Jackson, the deputy sheriff-alleged perpetrator, Nash Rutledge, and the parish insurer, Southern American Insurance Company.
Defendants filed a motion for summary judgment and presented affidavits by Sheriff Jackson and the sheriff of Franklin Parish which stated that Mrs. Herron had been transferred from the Catahoula Parish jail to the Franklin Parish jail on August 15, 1985, where she remained until September 6,1985. At trial on the motion for summary judgment defendants argued that the alleged incidents could not have taken *27 place in the Catahoula Parish jail on the dates set forth in the petition, August 21 and 28, 1985, since Mrs. Herron was not incarcerated there after August 15, 1985. Therefore, defendants asserted, there was no genuine issue as to material fact and they were entitled to judgment as a matter of law.
The trial judge stated that he would not consider the motion for summary judgment. Instead, he explained that what defendants actually were doing was raising an exception of prescription which he proceeded to rule on. This was done over the clear objection of defendants’ counsel who firmly asserted that he was not raising, nor did he wish to raise, an exception of prescription. The trial judge reasoned that if Mrs. Herron was in the Franklin Parish jail from August 15 to September 6, 1985, the alleged incidents, if they occurred in the Catahoula Parish jail, must have occurred before August 15, 1985. Since plaintiffs did not file suit until August 20, 1986, the one-year liberative prescriptive period had expired. The trial judge gave plaintiffs fifteen days to amend their petition which they failed to do. Judgment was subsequently rendered sustaining the court-supplied exception of prescription, dismissing plaintiffs’ suit.
On appeal plaintiffs argue that the trial court erred in supplying an exception of prescription. It is also argued that the trial court in effect denied defendants’ motion for summary judgment and that there is no appeal from a trial court’s denial of such motion. Defendants ask that this court grant their motion for summary judgment.
Examining the issue of prescription first, we find that the trial court clearly erred in supplying a peremptory exception of prescription. An exception of prescription must be specially pleaded and cannot be supplied by the court. La.C.C.P. art. 927; Michigan Wisconsin Pipeline Co. v. Hebert, 488 So.2d 754 (La.App. 3rd Cir.1986), writ denied 493 So.2d 636 (La.1986); O’Rourke v. Cormier, 459 So.2d 200 (La.App. 3rd Cir.1984).
On the issue of the motion of summary judgment we find that the trial court did not deny the motion. The record clearly shows that the trial judge did not consider whether or not there was a genuine issue as to material fact and made no ruling on the motion for or against either party. At this time however, we are not prepared to entertain defendants’ motion for summary judgment. The record contains an unsigned statement sworn by plaintiffs’ counsel to have been personally taken by him from a former fellow inmate of Mrs. Her-ron confirming the allegations contained in plaintiffs’ petition. Plaintiffs’ counsel filed a motion to continue the hearing on the motion for summary judgment in order that he might take the sworn deposition of the former inmate who would not sign a sworn affidavit until he was “subpoenaed”. Apparently, a subpoena to appear for a deposition would have sufficed. The trial court denied plaintiffs’ motion for a continuance. From the record it is obvious that the trial judge had determined before the hearing that he was not going to rule on the motion for summary judgment and therefore may have felt that a deposition from this former inmate would have no bearing on his planned action — supplying an exception of prescription.
We will reverse the trial court on its action in supplying and sustaining the exception of prescription. We remand the case to the trial court to receive any further evidence in the form of affidavits, depositions, and admissions, and, after a hearing, rule on defendants’ motion for summary judgment. Defendants are not entitled to damages for frivolous appeal.
For the reasons assigned the judgment of the trial court is reversed and this case is remanded to the trial court for proceedings consistent with the views expressed herein. Costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.