GUIDRY, Judge.
Plaintiffs, Brenda and William Herron, appeal from the trial court’s judgment which granted a motion for summary judgment filed by defendants, Thomas L. Jackson, Sheriff of Catahoula Parish, Nash Rutledge, deputy sheriff of Catahoula Parish, and their insurer, Southern American Insurance Company.
This case was previously before this court on an appeal from a judgment sustaining a court supplied exception of prescription. We reversed that judgment and remanded the case for a hearing on the defendants’ motion for summary judgment. See Herron v. Jackson, 527 So.2d 26 (La.App. 3rd Cir.1988). From the latter opinion, we excerpt the following narration of facts:
“This suit arose out of a claim for damages sustained by plaintiffs, husband and wife, after their arrest for possession of marijuana. Mrs. Herron, who was incarcerated in lieu of posting a $50,000 bond, alleged that she was forced by a deputy sheriff on duty at the Catahoula Parish jail to engage in sexual intercourse with him on two occasions, August 21 and 28, 1985. It was also alleged that the sheriff of Catahoula Parish actively fostered a ‘cover-up’ of the incidents. Named as defendants were the sheriff, Thomas L. Jackson, the deputy sheriff-alleged perpetrator, Nash Rutledge, and the parish insurer, Southern American Insurance Company.
Defendants filed a motion for summary judgment and presented affidavits by Sheriff Jackson and the sheriff of Franklin Parish which stated that Mrs. Herron had been transferred from the Catahoula Parish jail to the Franklin Parish jail on August 15, 1985, where she remained until September 6, 1985. At trial on the motion for summary judgment defendants argued that the alleged incidents could not have taken place in the Cata- *304 houla Parish jail on the dates set forth in the petition, August 21 and 28, 1985, since Mrs. Herron was not incarcerated there after August 15, 1985. Therefore, defendants asserted, there was no genuine issue as to material fact and they were entitled to judgment as a matter of law.”
Herron v. Jackson, supra, at 26, 27.
In Chaisson v. Domingue, 372 So.2d 1225 (La.1979), the Louisiana Supreme Court stated:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. [...] Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted....”
Plaintiffs, in their petition, specifically allege that Mrs. Herron was sexually assaulted in the Catahoula Parish jail on August 21 and again on August 28, 1985.
In support of their motion for summary judgment, defendants introduced two affidavits which place Mrs. Herron in the Franklin Parish Jail between August 15, 1985 and September 6, 1985. It is well settled that where a motion for summary judgment is made and supported, an adverse party cannot rest on the allegations of his pleadings, but must set out in evidence or depositions specific facts showing there is a genuine issue for trial. Mashburn v. Collin, 355 So.2d 879 (La.1977). Furthermore, facts alleged by a mover for summary judgment are to be considered as true where the opposing party fails to controvert those facts by affidavit or other competent evidence. LeBlanc v. Adams, 510 So.2d 678 (La.App. 4th Cir.1987), writ denied, 514 So.2d 458 (La.1987).
Plaintiffs, in opposition to defendants’ motion, attempted to introduce the unsigned and unnotarized affidavit of one Jessie Brass. However, an unsigned and un-notarized affidavit has no evidentiary value and cannot be given any weight in determining whether or not there is a genuine issue of material fact. Porche v. City of New Orleans, 523 So.2d 2 (La.App. 4th Cir.1988); Parker v. Sears, Roebuck and Company, 418 So.2d 1361 (La.App. 2d Cir.1982).
Plaintiff, Brenda Herron, also introduced her own, self-serving affidavit which reads as follows:
“BEFORE ME, the undersigned authority, a Notary Public in and for the aforesaid parish and state, personally came and appeared BRENDA HERRON, who after being duly sworn did depose and say unto me the following, to-wit:
1. That she is the petitioner in the lawsuit styled ‘Brenda Herron and William Herron Vs. Thomas L Jackson, Sheriff of Catahoula Parish’, No. 15,-690-A, on the docket of the Seventh Judicial District Court, as amended, and that all the allegations are true and correct to the best of her knowledge, information, and belief.
2. That the deputy named in the said lawsuit, Nash Rutledge, did have sex with her while she was incarcerated without her consent; however, she is uncertain of the exact time and place.
3. That she knows for a fact that Sheriff Jackson did cover up the wrongful acts of his deputy sometime after her court appearance of September 6, 1985, when she became aware that the Sheriff did not take the appropriate action in regard to his deputy’s wrongful acts.” (Emphasis ours)
Items numbered one and three of plaintiff’s affidavit do nothing more than reiterate the allegations of the petition. Item number two appears to contradict both the allegations of her petition and item number one of the affidavit. Following remand, plaintiff was given ample opportunity to amend her petition but failed to do so. As aforestated, plaintiffs’ petition specifically alleges when and where the alleged sexual assault took place. We conclude that plaintiff cannot be permitted to create her own disputed issue of fact by filing an affidavit *305 which is clearly inconsistent with her previously filed verified pleadings. In his reasons for judgment, the trial judge stated:
“... In Brenda Herron’s affidavit she stated that the allegations in her petition were true and correct to the best of her ‘knowledge, information and belief. This is insufficient. Further in her affidavit she stated that Nash Rutledge ‘did have sex with her while she was incarcerated without her consent; however, she is uncertain of the exact time and place’. This does not refute the two affidavits furnished by the defendants that clearly established that Brenda Herron was not in the Catahoula Parish Jail on August 21st and August 28th, ergo a nonconsen-sual act of sexual intercourse ... [could not have taken place] between she and Nash Rutledge. Her affidavit does not purport to refute the facts of the affidavits filed by the defendants. She merely states that she has at sometime in the past, and at someplace [sic] unknown to her, had nonconsentual [sic] sexual intercourse with Nash Rutledge. This does not create a dispute of material facts. Her affidavit, at best, suggests acts of intercourse other than the times alleged and at the place alleged. At best, if such be true, she would have a cause or causes of action other than the two incidents alleged in this petition.
Her alleged cause of action against Sheriff Jackson is on her contention that he covered up the alleged acts of Deputy Sheriff Rutledge. Since the two incidents ... [could not have occurred] as she alleged there can be no cover up of that which did not happen. She therefore cannot prevail in this action against Sheriff Jackson.
Considering the affidavits the Court is thoroughly convinced that there is no dispute as to material facts insofar as the two incidents alleged in the petition are concerned and that the defendants Motion for Summary Judgment must be granted.”
We conclude, as did the trial court, that plaintiffs have failed to introduce affidavits or other evidence establishing any genuine issue of material fact and on the basis of the undisputed facts, defendants are entitled to judgment as a matter of law.
For the reasons stated, the judgment of trial court is affirmed. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.