372 So.2d 1225 (1979)
Loveless CHAISSON and Elvina Chaisson
v.
Ena Martin DOMINGUE et al.
No. 63915.
Supreme Court of Louisiana.
June 25, 1979.
*1226 J. Louis Gibbens, New Iberia, for defendants-applicants.
Richard D. Chappuis, Jr., Voorhies & Labbe, Lafayette, for Horace Mann Ins. Co., third party defendant-respondent.
MARCUS, Justice.
Loveless Chaisson and his wife, Elvina Chaisson, instituted this action against Ena Martin Domingue and her husband, Lloyd Domingue, and his public liability insurer, Farm Bureau Mutual Insurance Company, for damages for personal injuries sustained by Mrs. Chaisson when Mrs. Domingue fell on her at a school band concert.[1]
Subsequently, defendants, Mr. and Mrs. Domingue, filed a third party demand against Horace Mann Insurance Company asserting coverage under an educators professional liability policy issued by said company to the Louisiana Teachers' Association. Horace Mann answered the third party demand, admitting the existence of the professional liability policy but denying coverage. Thereafter, Horace Mann moved for and the trial judge granted summary judgment in favor of Horace Mann on the ground that Mrs. Domingue was not covered by the professional liability policy inasmuch as the claim against her did not arise out of any activities performed by Mrs. Domingue in her professional capacity as a teacher.
From this judgment dismissing Horace Mann as a third party defendant in the lawsuit, Mr. and Mrs. Domingue (third party plaintiffs) appealed. The court of appeal affirmed the summary judgment granted below finding no issue of material fact as to the coverage afforded Mrs. Domingue under the professional liability policy issued by Horace Mann.[2] Upon application of Mr. and Mrs. Domingue, we granted certiorari to review the correctness of this decision.[3]
The sole issue presented for our review is whether, based on the pleadings, depositions, and other evidence filed by the parties pursuant to third party defendant Horace Mann's motion for summary judgment, a genuine issue of material fact was presented, and whether mover is entitled to a judgment as a matter of law.
In support of its motion for summary judgment, Horace Mann offered an educators professional liability policy issued by it to the Louisiana Teachers' Association covering the period from September 1, 1974 to September 1, 1975. The policy contained a coverage provision under which Horace Mann agreed as follows:
To pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for the damages resulting from any claim made against the insured arising out of the assured's activities in his professional capacity as a teacher or member of the instructional, supervisory or administrative staff of any *1227 school, college or other educational establishment and caused by any acts or omissions of the insured or any other person for whose acts the insured is legally liable. (emphasis added)
The policy further defines "activities in a professional capacity," as used in the coverage provision, to mean "activities of the assured in the course of his duty as an Educator, Administrator, Member of a Teaching Staff, Student Teacher or other employee of a school system, subject to the exclusions of this policy." (emphasis added)
In support of its motion, Horace Mann also filed the depositions of Mrs. Domingue and Mr. Eloi Comeaux, principal of the Scott Elementary School. From these depositions, the following undisputed facts are disclosed. Mrs. Domingue was employed as a teacher at Scott Elementary School for a total of nineteen years. She retired at the close of the 1975-76 school session. At about 7:00 p. m. on May 8, 1975, while still employed as a teacher of the fifth grade, Mrs. Domingue went to a band concert at the school gymnasium given by the students of Scott Elementary School, some of whom were members of her class and others whom she had formerly taught. While attempting to seat herself in the bleachers, the accident resulting in the instant litigation occurred.
It is clear from the record that Mrs. Domingue was not required as a condition of her job to attend the concert; nor was she required to perform any specific function in the event she did attend. The school did not keep any records as to which teachers attended extracurricular functions and thus attendance at such events did not directly affect teacher ratings. However, the school authorities appreciated the teachers' attendance at extracurricular activities, such as band concerts, and in school bulletins encouraged their presence if at all possible. Moreover, such attendance was appreciated by the school children and their parents. Mrs. Domingue customarily attended the annual band concerts while she was employed as a teacher at Scott Elementary, but ceased to attend them once she retired. She went to the band concert on May 8, 1975, specifically to please her students (both present and former students) who were performing in the concert and who had "begged" her to attend. Additionally, she went to the concert for "the satisfaction of being there as a faculty member." In sum, had Mrs. Domingue not been employed as a teacher at Scott Elementary, she would not have gone to the band concert.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La. 1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
In the instant case, the undisputed facts presented fail to lead to the inevitable conclusion that Mrs. Domingue was not acting in the course of her duty as a teacher when she attended the band concert on the *1228 night of May 8, 1975. The phrase "activities of the assured in the course of his duty as a ... Member of a Teaching Staff," as used in the educators professional liability policy, does not restrict coverage under the policy to liability for claims arising only from those activities required of a teacher as a condition of his or her job. Arguably, Mrs. Domingue's presence at the concert was an activity incident to her employment as a teacher or as a condition of her job. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Clearly, such is not the case here. Hence, the judgment of the court of appeal upholding the summary judgment in favor of Horace Mann was improper.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside, the motion for a summary judgment is overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. All costs incurred in connection with the motion for summary judgment shall be paid by Horace Mann Insurance Company. Assessment of other costs is to await the final determination of the litigation.
NOTES
[1] An amended and supplemental petition added Continental Insurance Company as a party defendant. The trial court sustained Continental's exception of prescription and dismissed plaintiffs' suit as to it.
[2] 365 So.2d 1115 (La.App. 3d Cir. 1978).
[3] 368 So.2d 129 (La.1979).