CHIASSON, Judge.
This is an appeal from the granting of a summary judgment to annul a default judgment entered against the plaintiff-appellee, Scully Bros. Boat Building, Inc. (Scully Bros.). The defendant-appellant in the present suit, Flotation Services, Inc., had obtained a default judgment against Scully Bros, in Suit # 57,872 in the Sixteenth Judicial District Court for St. Mary Parish.
Our only determination on this appeal will be the correctness of the trial court’s ruling on the motion for summary judgment. Under La.C.C.P. art. 966, a motion for summary judgment is appropriate when there is no genuine issue of material fact. Chaisson v. Domingae, 372 So.2d 1225 (La.1979) and cases cited therein.
The relevant facts in this case deal with who was actually served with the citation in the suit filed by Flotation Services, Inc. and who were the agents for service of process for Scully Bros, at that time.
Suit was filed by the defendant, Flotation Services, Inc., on February 15, 1979, and service of the petition was made on March 8,1979 by St. Martin Parish Deputy Sheriff, Edwin Jones. The sheriff’s return of the citation reveals that Deputy Jones served Robert J. Scully, Jr.
Plaintiff contends that the citation was actually served on Robert J. Scully, Sr. who was not an authorized agent for service of process for Scully Bros. By use of the deposition of Deputy Jones, plaintiff tries to refute what was officially recorded on the citation. In addition, the deposition of *127 Robert J. Scully, Sr. states that he was the person actually served. The use of this evidence is questionable and would require a factual determination under the recent Supreme Court decision in Roper v. Dailey, 393 So.2d 85, decided September 3, 1980.
The fact that someone other than Robert J. Scully, Jr. was served is disputed as well as the identity of the registered agents for service of process for Scully Bros.
Since these facts are material and because they are in dispute, the use of summary judgment is inappropriate. The decision of the trial court in granting the summary judgment is hereby vacated and set aside. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are to be paid by appel-lee. All other costs are to await the final disposition of the suit.
JUDGMENT VACATED — CASE REMANDED.