CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court wherein the Honorable Frank V. Zacearía dismissed petitioner’s action pursuant to motions for summary judgment filed by Stonewall Jackson Casualty Insurance Company and Gray Insurance Company, and the exceptions of no cause or right of action filed by Argonaut Southwest Insurance Company, National Union Fire Insurance Company of Hartford and Government Employees Insurance Company. A motion for new trial was denied and petitioner appealed devolu-tively.
Plaintiff, Joseph K. Clay, brought a class action suit individually and “on behalf of all people in the State of Louisiana similarly situated who purchased (a) more than one uninsured motorist insurance policy and/or (b) all of those purchasers of uninsured motorist insurance who paid more than one premium for uninsured motorist insurance.” Made defendants were “all the casualty insurance companies doing business in the State of Louisiana and charging the policy holder more than one premium for the sale of that uninsured motorist insurance.”
In addition to naming the above class of defendants, plaintiff also individually named additional insurers as representatives of the defendant class: Argonaut-Southwest Insurance Company (Argonaut), Gray Insurance Company (Gray), Stonewall Jackson Casualty Insurance Company (Stonewall), National Union Fire Insurance Company of Hartford (National Union), and Government Employees Insurance Company (GEICO).
The original petition sought return of “excess” premiums charged by the defendant insurers sinee September of 1977, the date of enactment of the “anti-stacking” *527 provisions of LSA-R.S. 22:1406(D)(l)(c). On October 19, 1981, plaintiff amended the petition; however, requesting that the suit be allowed to proceed as a declaratory judgment.
Defendants, Stonewall and Gray, filed motions for summary judgment on the ground that neither insurer has ever issued a policy of uninsured motorist insurance in Louisiana. Defendants, Argonaut, National Union and GEICO, filed exceptions of no cause or no right of action.
Judgment, granting the motions for summary judgment and maintaining the exceptions, was rendered on September 16, 1982. Plaintiff now appeals the dismissal of his action and, on appeal, his only specification of error is that the trial court committed manifest error in granting and maintaining the motions and exceptions of the various defendants.
NO RIGHT OR CAUSE OF ACTION The law applicable as to peremptory exception of no cause of action has been stated in Ford Motor Credit Co. v. Soileau, 357 So.2d 563, 565 (La.App. 3d Cir.1978):
“The purpose of the exception of no cause of action is to test the legal sufficiency of the pleadings. Well pleaded facts alleged in the petition are taken as true. If any reasonable construction of the alleged faqts could lead to possible legal recovery, the exception must be overruled. Normally, evidence may not be considered for the purposes of sustaining an exception of no cause of action. The exception can be sustained only when the allegations, as stated in the petition, affirmatively establish that no relief can be granted under the law.”
As to defendants, Argonaut and GEICO, the petition is absolutely devoid of any allegation that these defendants have ever engaged in thé business or activity of “selling uninsured motorist insurance in the State of Louisiana”, or “charging the policy holder more than one premium for the sale of that uninsured motorist insurance.” The petition simply fails to allege that these defendants have ever engaged in either one of these activities, involving either the plaintiff or anyone else.
The petition further alleges that the plaintiff is entitled to a return of “those excess premiums over one charged them by their insurers.” However, nowhere is it alleged that these defendants have ever charged anyone any of “those excess premiums over one.”
This court will not . read into the petition allegations of facts simply not made. Accordingly, we affirm the judgment sustaining the exceptions of no cause of action as to Argonaut and GEICO.
As to National Union, plaintiff does have a right of action; however, the alleged facts of his petition when reasonably constructed do not indicate that they could lead to any possible recovery. As the trial court amply stated in written reasons, “the defendant insurance companies were entitled to charge premiums in accordance with the risk they bore on each vehicle.” Plaintiff chose to have more than one automobile and chose to carry more than one policy of uninsured motorist coverage. National Union accordingly charged for the risk they bore. We know of no prohibition in the law against an insurer charging multiple premiums to insure multiple risks.
Plaintiff additionally cites and relies upon LSA-R.S. 22:652 as a statute which he alleges has been violated constituting discrimination on the part of National Union. R.S. 22:652 reads in full, as follows:
“No insurer shall make or permit any unfair discrimination in favor of particular individuals or persons, or between insureds or subjects of insurance having substantially like insuring risk, and exposure factors, or expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor, or in the benefits payable or in any other rights or privileges accruing thereunder. This provision shall not prohibit fair discrimination by a life insurer as between individuals having unequal life expectancies.”
*528 We fail to find anything in this statute which prohibits charging a greater premium to insure three automobiles than the premium charged to insure one. This, we find, is not discrimination on the part of defendant insurers.
SUMMARY JUDGMENT
A recent jurisprudential discussion on summary judgment can be found in Sutherland v. Time Saver Stores, Inc., 428 So.2d 972 (La.App. 1st Cir.1983) wherein that court stated at p. 975:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is summary judgment warranted. Of course, the burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment; and any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).”
In the instant case, the record undeniably shows that neither Gray nor Stonewall have ever issued a policy of uninsured motorist to anyone in the State of Louisiana. As there exist no genuine issues of material facts, reasonable minds must conclude that they are entitled to judgment as a matter of law. Accordingly, the trial court was correct in concluding that these insurance companies were not proper representatives of the defendant class.
The judgment of the trial court is hereby affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.