LABORDE, Judge.
We granted supervisory writs in this matter to review the propriety of a denial of a motion for summary judgment. We affirm.
Warren Narcisse, Jr. was electrocuted while participating in a police training program conducted and administered by relator, the State of Louisiana through the University of Southwestern Louisiana (U.S. L.). At the time of his death, the decedent *458 was employed by the New Iberia Police Department.
Decedent’s wife, Willie Mae Narcisse, filed suit, individually and in her capacity as natural tutrix of her minor children, against U.S.L. and several other defendants. U.S.L. moved for summary judgment, alleging that decedent was a state employee, and that plaintiff was barred by the Workers Compensation Act from suing U.S.L., a state entity, in tort. U.S.L. now seeks supervisory relief from the trial court’s denial of its motion.
The denial of a motion for summary judgment is an interlocutory judgment, which is not subject to appeal. LSA-C.C.P. art. 968. Thus, the only remedy is to request the appellate court to exercise its supervisory jurisdiction. Batson v. Time, Inc., 298 So.2d 100 (La.App. 1st Cir.), writ denied, 299 So.2d 803 (La.1974).
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
It does not appear that there is any issue of material fact. Rather, opponents of U.S.L.’s motion contend that decedent’s employer is neither an arm nor an agency of the State of Louisiana, but rather a municipality. Inasmuch as there was no employer-employee relationship between decedent and the State of Louisiana, the opponents argue, the Workers Compensation Act does not immunize U.S.L., which is clearly an arm of the state, from tort liability to decedent’s dependents. U.S.L.’s potential tort liability, the argument concludes, requires a full trial on the merits and precludes a summary judgment because movant is not clearly entitled to judgment as a matter of law.
In Lonzo v. Town of Marksville, 430 So.2d 1088 (La.App. 3rd Cir.1983), we held that a policewoman employed by the Town of Marksville could not sue the State of Louisiana for workers compensation benefits. We reasoned that the State, although providing supplemental pay to plaintiff, had no control over her activities, and therefore that no erpployer-employee relationship existed between the parties. The rationale of Lonzo applies here. It does not appear that the State of Louisiana, through U.S.L. or any other arm or agency, controlled decedent Narcisse was not a Narcisse’s activities, state employee. His dependents are not barred under the Worker’s Compensation Act from suing U.S.L. in tort.
The trial court’s interlocutory ruling denying U.S.L.’s motiqn for summary judgment is hereby affirmed. Assessment and taxation of costs are suspended pending adjudication of the merits.
AFFIRMED.