JASPER E. JONES, Judge.
This is an action for damages. The plaintiff is B B S Contractors-Louisiana, a partnership. The defendants are Benton Concrete Co., Inc., and its insurer, Aetna Casualty and Surety Company. BBS and Benton both appeal a judgment granting Aetna’s motion for summary judgment and dismissing plaintiff’s demands against it. We reverse and remand.
The petition alleges plaintiff's damages occurred “... as a result of failure of concrete beams poured by defendant, Benton Concrete Company, Inc., to meet speci-fications_” Aetna denied the allegations of the petition. Aetna also filed an interrogatory requesting that plaintiff “itemize and identify” all of its damages.
Aetna then filed a motion for summary judgment contending the damages sought by B B S were not covered under its policy. This motion was based on the pleadings, a certified copy of the policy and the answer *165 to the interrogatory. The motion was opposed by B B S and Benton but neither filed any affidavits or other documents opposing the motion except a brief.
The district judge granted the motion for summary judgment and this appeal followed. The appellants contend the district judge erred in granting the motion for summary judgment.
The standards to be applied to motions for summary judgment have been set out by our supreme court. A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Summary judgment is warranted only when reasonable minds must inevitably conclude the mover is entitled to judgment as a matter of law on the facts before the court. The mover bears the burden of showing there is no genuine issue of material fact and any doubt is resolved against granting summary judgment. Chiasson v. Domingue, 372 So.2d 1225 (La.1979). See C.C.P. Arts. 966, 967.
Aetna contends that it has no coverage for these damages due to exclusions within its policy. The parties advance differing interpretations of those provisions in line with their positions in this litigation. It is unnecessary for us to consider which of those interpretations is correct, however, because Aetna has not borne its burden as mover of showing there is no genuine issue of material fact.
The allegations of the petition are imprecise as to the nature of plaintiff’s damages and how they occurred. Aetna’s attempt to clarify the damage issue through its single interrogatory was unsuccessful.
A review of the answer to the interrogatory leaves us unsure as to the nature of the damages. The answer does provide some information as to the amount of the damages but it does not provide the necessary information to determine the nature of the damages.
This motion for summary judgment is supported only by the pleadings, a certified copy of the policy and the answer to the single interrogatory. From these sources it is impossible to develop any clear understanding of how this damage occurred or what is being claimed as damages.
As the mover, Aetna had the burden to show that there was no genuine issue of material fact. Chiasson. Based upon the legal arguments Aetna has advanced it needed to show either: (1) that there was no event constituting an occurrence within the meaning of the policy; or (2) that the damages claimed by B B S were for items excluded from coverage, namely repair or placement of Benton’s product. They have failed to show there was no genuine issue as to either of these facts. This is true even though appellants have not opposed the motion through counter-affidavits or the like because the support for Aetna’s motion does not clearly or effectively address either fact.
We note that the transcript of the argument of this motion before the district judge shows that he met with counsel in chambers before hearing the motion and his decision may have been partly based upon information obtained from counsel at that time. However, that information is not contained in the record before us and the pleadings, answer to interrogatory, and certified copy of the policy leave genuine issues of material fact. For this reason the motion for summary judgment should have been denied.
The judgment of the district court is reversed and this matter is remanded for further proceedings. The costs of this appeal are taxed against Aetna Casualty and Surety Company.
ON APPLICATION FOR REHEARING
Before HALL, JASPER E. JONES, NORRIS, MARVIN and LINDSAY, JJ.
Rehearing denied.