GRISBAUM, Judge.
This appeal concerns the granting of motions for summary judgment brought by defendants-appellees, Sal & Sam’s Restaurant (Sal & Sam’s) and the City of Kenner, in a personal injury action. We affirm. ISSUES
We are called upon to determine two specific issues:
(1) Whether the trial court erred in granting Sal & Sam’s motion for summary judgment when Sal & Sam’s served alcohol to defendant Poche and allowed him to leave the establishment prior to the accident, and
(2) Whether the trial court erred in granting the City of Kenner’s motion for summary judgment when plaintiff was injured in the course and scope of his employment and the City of Kenner claimed tort immunity under the workers' compensation statute.
FACTS
On the evening of January 16, 1986, the plaintiff, Edwin N. Loeffler, Sr., was on duty as an officer of the Kenner Police Department. He responded to an accident on the airport access road. Upon arrival at the scene, he stopped his vehicle in the northbound median lane next to the two automobiles involved in the accident, which were parked in the southbound median lane. While standing near one of the vehicles, he was struck by a vehicle driven by the defendant, Eugene J. Poche. Poche had allegedly consumed alcoholic beverages at Sal & Sam’s and at one other place that evening.
ISSUE ONE

Law

The mechanism of summary judgment in civil proceedings is provided for by La.C. C.P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence interpreting this provision makes it clear that summary judgment should be granted only when reasonable *939 minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979).
La.C.C. arts. 2315 and 2316[1] provide: Art. 2315. Liability for acts causing damages
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
Art. 2316. Negligence, imprudence or want of skill
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
The Louisiana Supreme Court has delineated the duty owed by a business establishment (a bar) in a situation such as this, stating:
We found that [a] duty [of a bar owner], under C.C. 2315 and 2316, is to avoid affirmative acts which increase the risk of peril to an intoxicated person. The bar owner is not[,] however[,] responsible for harm caused by the patron’s inebriated condition itself. We also found that the proximate cause of harm is more nearly the act of voluntarily drinking to the point of intoxication, a form of contributory negligence, not the act of making the alcohol available for consumption. ... Evicting plaintiff from the party, onto a busy street, might have been such an affirmative act, but permitting him to leave the party was not.
See Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775-76 (La.1980), citing Thrasher v. Leggett, 373 So.2d 494 (La.1979) (emphasis added).
Our general jurisprudential rule, which sets the standard for determining whether a bar owner has breached his duty in a situation such as this, is that generally required of a reasonable man under like circumstances. See Thrasher v. Leggett, supra, at 497.

Analysis

Loeffler alleges in his petition that Sal & Sam’s acted “unreasonably, willfully, and with gross negligence” in serving alcoholic beverages to Poche after the establishment knew or should have known he was intoxicated, and that Sal & Sam’s was negligent in allowing Poche to drive “after he had become intoxicated upon their premise and to their profit.”
The pleadings and related documentation reveal no assertion of an affirmative act on the part of Sal & Sam’s regarding Poche. Even if he was intoxicated before he was served, the mere assertion that Sal & Sam’s served alcohol to Poche and allowed him to leave, is not an affirmative act sufficient to violate the duty owed by bar owners under La.C.C. arts. 2315 and 2316. Sanders, supra, at 775-76. Accordingly, we concur in the trial’s grant of Sal & Sam’s motion for summary judgment.
Other issues have been raised regarding this issue, which we find have no merit.
ISSUE TWO

Law

La.R.S. 23:1032 states:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to *940 execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.

Analysis

At the time of the accident, the plaintiff was unequivocally acting within the “course and scope” of his employment with the City of Kenner in his capacity as a police officer. Recognizing this factual scenario, we conclude that, and adopt as policy for this Circuit, the employee’s exclusive remedy is workers’ compensation. Therefore, the trial judge was eminently correct in granting the City of Kenner’s motion for summary judgment.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellants.
AFFIRMED.

. These provisions govern liability under the facts of this case because the accident occurred prior to the effective date of La.R.S. 9:2800.1.