PLOTKIN, Judge.
Plaintiffs City of New Orleans and the New Orleans Aviation Board appeal the granting of a motion for partial summary judgment in favor of defendant Safeco Insurance Company of America, the surety on a contract for ground transportation services between the plaintiffs and defendant Orleans Transportation Services, Inc. (OTSI). We reverse and remand.
The plaintiffs and OTSI entered a contract by which OTSI was granted the exclusive right to operate ground transportation services at the New Orleans International Airport, which went into effect on February 1, 1980. The contract provided, in pertinent part, as follows:
ARTICLE VI — TERM
The term of this contract for the concession shall be for a period of five (5) years commencing forty-five (45) days from the date of execution of the contract by the successful bidder.
ARTICLE VII — HOLDING OVER
In the event the concessionaire shall hold over after the expiration of this agreement, such holding over shall not be deemed to operate as a renewal, re-conduction or extension of this agreement but shall only create a tenancy from month to month which may be terminated at any time by the Board.
ARTICLE XX — PERFORMANCE AND PAYMENT BOND
Concessionaire at the time of the execution of the agreement must furnish the Board a valid performance and payment bond in the sum not less than One Million, Thirty Thousand and NO/100 ($1,030,000.00) Dollars. Said bond shall guarantee the faithful and full performance by concessionaire of all the covenants, terms and conditions of this agreement and shall guarantee concessionaire’s payment of all sums due the Board and stand as security for the payment by the concessionaire of any valid claims by the Board against the concessionaire. The surety on said bond must be an institutional Surety qualified to do business in the State of Louisiana. Said surety bond shall be maintained and kept *1303 by the concessionaire in full force and effect during the entire term of the Agreement. The Surety Company will be required to execute the Agreement simultaneously with the concessionaire and will comply with all other requirements of the City of New Orleans and the State of Louisiana.
Attached to and made a part of the above referenced contract was a document by which defendant Safeco intervened and bound itself as “surety for faithful performance of all work called for in the said contract by the said contractor (OTSI)” for $250,000. Safeco further bound and obligated itself as “surety for the payment by the said contractor of all payments to be made by the said contractor under the contract” for $250,000. That document also provides as follows:
Safeco declares that it has read and taken full cognizance of the hereinabove written contract between the City of New Orleans and the said Orleans Transportation Service, Inc.
The document was signed by Ernest N. Morial for the City of New Orleans, by Carling Dinkier, III, President, for OTSI, and by Jeffery L. Trentham, Attorney-in-Fact, for Safeco. Also attached to and made a part of the contract was another document labelled “Contract between the City of New Orleans and Orleans Transportation Service Inc., a corporation,” signed by Dinkier for OTSI and by Attorney-in-Fact Gloria Jordan for Safeco.
Under the terms of the contract, OTSI was obligated to pay the City either a specified minimum amount or a percentage of its gross receipts, whichever was greater, each month. The initial term of the contract expired on February 1, 1985, but OTSI was allowed to continue operating the ground transportation service through March of 1987. In August of 1987, the City filed the instant suit, seeking payment of sums owed by OTSI for December of 1984 and for the period from April of 1985 through May of 1987.
Safeco filed a motion for partial summary judgment, seeking a declaration that its bond and suretyship agreement was limited to the five-year initial term of the contract and that it ended January 31, 1985. The trial judge granted the motion, without written reasons, and dismissed plaintiffs’ claims against Safeco for “any monies allegedly owed to the City resulting from services provided by OTSI from and after February 1, 1985” with full prejudice. From that judgment, the City and the Aviation Board appeal.
Motions for summary judgment may properly be granted under La.C.C.P. art. 966 only when “reasonable minds must conclude that” two circumstances are present: (1) there is no genuine issue of material fact and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). In the instant case, the parties seem to agree on all the pertinent facts; therefore, interpretation of the contract, a legal question, is the only matter at issue. Thus, the first requirement for granting a motion for summary judgment is present.
However, the second requirement — that reasonable minds must conclude that the mover is entitled to judgment as a matter of law — -is not present in the instant case. After extensive study of the language of the contract entered between the parties, we find that the trial judge was manifestly erroneous in concluding that Safeco’s obligations under the contract terminated at the end of the initial five-year contract period.
La.C.C. art. 2045 provides that “[ijnterpretation of a contract is the determination of the common intent of the parties.” When considering the provisions of a contract, courts must interpreted each “in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La.C.C. art. 2050.
The contract for ground transportation services provides unequivocally that the concessionaire must furnish the board a valid performance and payment bond, guaranteeing two things: (1) “the faithful and full performance by concessionaire of all the covenants, terms and conditions of this agreement” and (2) “concessionaire’s pay *1304 ment of all sums due the Board.” Additionally, the clause provides that the bond must stand as “security for the payment by the concessionaire of any valid claims by the Board against the concessionaire.” The bond was to be kept “in full force and effect during the entire term of the Agreement” and the surety company was required to execute the agreement simultaneously with the concessionaire.
The only signature lines in the entire contract are located after Safeco’s intervention in the agreement, binding itself as surety for the “faithful performance of all work called for in the ... contract” and for the “payment by the ... contractor of all payments to be made ... under the contract.” The attorney-in-fact of the surety company signed the contract simultaneously with the representatives of the City and OTSI. Safeco thereby became a party to the contract between the City and OTSI.
The “hold-over” clause unequivocally contemplates the possibility of a continuing relationship between the City and OTSI after the expiration of the initial five-year contract. A thorough study of that provision of the contract reveals that the intent of the parties at the time the contract was signed was that the all the provisions of the original agreement would remain in force should OTSI be allowed by the City to “hold over,” except the term would not be expanded for an additional five years. One of the major provisions of the contract was the requirement that the surety company guarantee payment of all sums OTSI owed the City. That provision remained in force during the “hold over” period. Therefore, Safeco, which was a party to the contract, cannot be allowed to eliminate its obligation by arguing that that obligation terminated when the initial term expired. A close reading of the contract indicates that the City’s decision to require the surety company to execute the contract simultaneously with the concessionaire was designed to prevent just such a result. We must interpret the contract according to the obvious intent of the parties at the time the contract was entered. La.C.C. art. 2045.
Since the record evidence in the instant case reveals that Safeco is not entitled to a judgment in its favor as a matter of law, the second requirement for the granting of a motion for summary judgment is not present. Accordingly, we reverse the trial court’s judgment granting the motion for summary judgment and remand to the trial court for further proceedings.
REVERSED AND REMANDED.