PLOTKIN, Judge.
Plaintiffs Deanna Lenian and Marcel Lloyd David seek reversal of the trial court’s judgment granting a motion for summary judgment filed by defendant St. Bernard Parish Police Jury. We affirm.

Facts:

Plaintiffs Deanna Lenian and Marcel Lloyd David filed suit against a number of parties, including defendant St. Bernard Parish Police Jury, seeking recovery of damages to their home allegedly caused by piledriving during the construction of the Dravo Sewerage Treatment Plant Modification and Expansion Affluent Pump Station. The plaintiffs’ petition named the police jury as a defendant as “the governing authority for the Parish of St. Bernard” and as “the respondeat superior owner of the project.” Also named as defendant was the St. Bernard Parish Water & Sewerage Commission, the “manager/owner of the project.” Several other defendants were also named.
The plaintiffs’ petition alleges the same acts of negligence on the part of both the police jury and the water and sewerage commision, namely the following: (1) failing to properly supervise, (2) negligently contracting to perform the project when they knew or should have known that the construction and pile driving operations would cause damage to their residence, (3) failing to terminate the project, and (4) other acts of fault and/or negligence.
The St. Bernard Parish Police Jury filed a motion for summary judgment, claiming that it had no relationship to the project whatsoever and that the water and sewerage commission was the St. Bernard Parish “governing authority” in all matters related to ownership, construction and maintenance of sewerage and water facilities. The sole issue is thus whether the police jury had any legal responsibility for the sewerage project.

Responsibility of the Police Jury

Motions for summary judgment may properly be granted under the provisions of La.C.C.P. art. 966 only when “reasonable minds must conclude” that two circumstances are present: (1) no genuine issues of material fact exist and (2) mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). The plain *714 tiffs argue that the motion for summary judgment was improperly granted in this case because disputes as to material issues of fact exist. We disagree. The plaintiffs’ opposition to the motion for summary judgment was accompanied by affidavits from Mr. David and from Bonnie Cook, another resident of the area, who testified to the following facts: (1) they observed parish equipment cleaning up the street at the construction site, (2) they saw a fire truck hosing down mud on the street at that site, (3) the parish posted temporary speed limit signs at the site, and (4) the parish constructed an alternative turnaround at the site to prevent large trucks from encroaching on private property. However, the police jury does not contest any of those allegations, but claims simply that it took those actions on the request of the construction company in charge of the project. Thus, no genuine issues of material fact exist.
Through its motion for summary judgment, the police jury sought to establish that it was entitled to judgment as a matter of law because it had no legal responsibility for the project which caused the plaintiffs’ damage. The motion was supported by the affidavit of Floyd J. Landry, police jury president, who testified that neither the police jury nor any of its members were party to the contract in question. The affidavit also stated that the police jury is a separate and distinct political entity from the water and sewerage commission and that the police jury exercises no control or authority over the actions of the board. The incomplete, unsigned copy of the contract was also attached to the motion; the police jury is not mentioned as a party.
In its memorandum in support of summary judgment, the police jury cited LSA-R.S. 33:3885 and LSA-R.S. 33:7801 et seq. LSA-R.S. 33:3885 provides as follows:
Sewerage districts created under this Sub-part shall constitute public corporations, and as such shall have all powers of public corporations, including perpetual existence; the power to incur debt and contract obligations; sue and be sued; to have a corporate seal; to do and perform all acts in their corporate capaci-
ty and in their corporate names, which are necessary and proper for the purpose of constructing and maintaining sewers and sewerage disposal works within their territorial limits; and generally to perform any and all acts and duties necessary to carry out the objects and purposes of their creations....
Any sewerage district, through its governing authority, may by an ordinance or resolution establish, maintain and collect rates, charges, or connection charges for any service rendered by the sewerage district to be paid by the owner of each parcel.of real estate, or building that is connected with and uses or is served by the sewerage system of the district, and may readjust such rates, charges or connection charges, from time to time....
The police jury also cited LSA-R.S. 33:7801 et seq., which deal specifically with the St. Bernard Parish Water and Sewerage Commission.
Also in support of its motion for summary judgment, the police jury cited Johnson v. Sewerage District No. 2 of the Parish of Caddo, 239 La. 840, 120 So.2d 262 (1960), in which the supreme court held that the statute which recognized the police jury as the governing authority of a parochial sewerage district was contrary to and in irrecon-ciliable conflict with amendments which transferred functions of the governing authority of the sewerage district to a board of supervisors. In Johnson, the Lousiana Supreme Court specifically found that “the board of supervisors and not the police jury should ... be the governing authority of sewerage districts.” Id. 120 So.2d at 267.
Nevertheless, the plaintiffs claim that the trial court’s judgment dismissing the police jury from the suit was incorrect for three reasons: (1) the police jury’s allegations were “ultimate or conclusory facts and conclusions of law which cannot be utilized on a summary judgment motion”; (2) the police jury was being sued in two different capacities — “through the Sewage and Water Board” and “in its independent capacity as an individual tortfeasor as well,” and (3) the statutes cited by the police jury simply define terms and confer *715 corporate status on sewage and water facilities.
We find no merit in any of those arguments. First, although it is true that motions for summary judgment may not be supported by “ultimate or conclusory facts and conclusions of law,” the arguments made by the police jury in this case do not fall in that category. The police jury’s major argument is based primarily on its contention that it has no legal responsibility for the project. That is a matter of law, which can properly be decided by the trial court. Second, the fact that the plaintiffs have alleged that the police jury is responsible for their damages in two different capacities does not change the fact that they have failed to prove any legal responsibility for the damages based on either of the two alleged capacities. Third, the statutes cited by the police jury do more than define terms; they establish the fact that the St. Bernard Water and Sewerage Board is a separate legal entity from the police jury.
The plaintiffs also point out that the police jury admitted in its answers to interrogatories that it had received numerous complaints about the the project from neighboring property owners and that it took the following actions: raised the neutral ground, issued a permit for construction of the project, posted special speed limit signs, and repaired damage caused by equipment used in the project. The significance of these facts is not explained, but the plaintiffs conclude that “the Police Jury cannot be heard to deny all responsibility for construction permits it grants; it has a duty to inspect large construction jobs which they have authorized to ascertain whether the jobs meet a minimum standard.”
However, the plaintiffs cite no authority for imposition of this duty, and we have been unable to find any. As the governing authority of the parish, the police jury has the responsibility for granting permits for all construction in the parish. The issuance of a permit does not impose upon the police jury responsibility for damages caused by the construction performed, nor does it impose a duty to supervise the construction. Reference to both the statutes and the caselaw cited by the police jury indicates that the police jury has no independent liability for the actions of the water and sewerage board, which is an independent political entity, and the police jury cannot be considered independently liable when all of the actions it took were passive. Thus, the record establishes that the police jury is entitled to judgment as a matter of law. Since both circumstances necessary for summary judgment are present, the granting of the motion for summary judgment was proper.

Conclusion:

For the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment in favor of defendant St. Bernard Police Jury and against plaintiffs Deanna Lenian and Marcel Lloyd David is affirmed.
AFFIRMED.