PLOTKIN, Judge.
Plaintiff Pamela Landrum appeals a trial court judgment granting summary judgment in favor of defendants New Orleans Jazz & Heritage Foundation, Inc. and L & R Security, Inc. We reverse and remand for trial on the merits.
Ms. Landrum was arrested on May 6, 1989, for aggravated assault and resisting an officer. She filed suit in tort against New Orleans Jazz & Heritage Foundation, Inc. L & R Security, Inc. and Mitchell S.J. Dusset, claiming that her arrest was wrongful. Defendants New Orleans Jazz & Heritage Foundation, Inc., and L & R Security, Inc., filed a motion for summary judgment stating that Officer Dusset had probable cause for the arrest. The motion for summary judgment was sustained; the plaintiff has appealed.
Under the provisions of La.C.C.P. art. 966, motions for summary judgment may be granted only when “reasonable minds must conclude” that two elements are present: (1) no genuine issues of material fact exist and (2) mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). In the instant case, Ms. Landrum contests the trial court’s granting of the defendants’ motion for summary judgment, claiming that the first element listed above is not present because genuine issues of material fact still exist.
We agree. The parties do not dispute the following facts. Plaintiff was hired by defendant New Orleans Jazz & Heritage Foundation to perform in the gospel tent on Friday, May 5,1989, at the New Orleans Jazz and Heritage Festival. Due to inclement weather, plaintiff’s performance was rescheduled to Saturday, May 6. Plaintiff was told to use her Friday parking permit to enter the grounds on Saturday, and that a list would be posted at the gate authorizing her singing group to enter the grounds using the Friday pass. Plaintiff was admitted to the Fair Grounds on Saturday, performed as scheduled, then left the grounds. Plaintiff decided to return to cash her paycheck, as the festival provided check cashing privileges for performers.
The events which followed are unclear. According to plaintiff, as she attempted to “enter the parking area, she was stopped by Officer Mitchell Dusset, an officer of the New Orleans Police Department and [by] employees of L & R Security all hired by the Jazz and Heritage foundation to provide parking and security services.” Officer Dusset advised petitioner that her Friday parking permit could not be used to enter the grounds. Plaintiff explained to Officer Dusset and L & R Security personnel that her group’s performance had been rescheduled to Saturday and that she was given authorization to use the permit. She *1115 further explained that verification could be obtained from the gate house listing and from the gospel tent. According to plaintiff, all of the security personnel hired by the Foundation refused to verify her authorization and insisted that she leave. Then, when plaintiff attempted to drive her car to the gate house, a few feet away, where the authorization was located, Officer Dusset reached into the car, grabbed the gear shift, and abruptly shifted plaintiffs car into park. According to plaintiff, the car jerked to a stop and Officer Dusset demanded that she get out of the vehicle. Fearing for her safety and that of her children, plaintiff requested assurances from Officer Dusset that he would not harm them before exiting the car. Plaintiff was arrested and taken to jail, where she was charged with aggravated assault and resisting an officer. Plaintiff was incarcerated for several hours and released on bond. Subsequently, plaintiff was found not guilty of the aggravated assault charge. The charge of resisting an officer was not accepted.
Based upon the pleadings in the record and upon the parties’ briefs, there are several factual issues. First, both plaintiff and defendants agree that Officer Dusset is an employee of the New Orleans Police Department (NOPD). However, it is not clear whether, at the time of the arrest, Officer Dusset was on duty in his capacity as a police officer for NOPD, or whether Officer Dusset was an off-duty employee of NOPD hired individually by his co-defendants to provide parking and security services at the Jazz Fest. Further, it is not clear whether, assuming that Officer Dus-set was acting in his capacity as an employee of NOPD, NOPD was hired by the co-defendants to provide parking and security services at the Jazz Fest or whether NOPD was acting on its own. Plaintiff’s brief implies that NOPD was hired by the New Orleans Jazz and Heritage Foundation and L & R Security to provide the requisite services at the festival. Defendant implies that NOPD was acting on its own and that New Orleans Jazz and Heritage Foundation and L & R Security “do not belong in this lawsuit.” The determination of these facts is material to the determination of vicarious liability if Officer Dusset’s arrest of the plaintiff was wrongful.
Second, in order to determine whether Officer Dusset’s arrest of plaintiff was wrongful, a decision must be made as to whether Officer Dusset had probable cause to arrest defendant. Plaintiff was arrested and charged with aggravated assault and resisting an officer. But according to plaintiff’s version of the events leading up to her arrest, she was attempting only to drive her car to the gate house a few feet away where the authorization list was located. None of the facts mentioned supports a conclusion that an aggravated assault occurred. Nor do the facts indicate who was allegedly assaulted. Accepting plaintiff’s view of the facts, no probable cause for arrest was present.
Although defendant stipulates to plaintiff’s version of the facts “for purposes of these proceedings (only),” defendants allege in their pleadings that the plaintiff, after she had been told by Officer Dusset to leave the Jazz & Heritage Festival, instead “violated [his] command” and attempted to drive her car past Officer Dus-set, who then had to “jump out of the way” when plaintiff “attempted to run him down.” This is in stark contrast to plaintiff’s version of the events.
Since genuine issues of material fact exist, the trial court erred in granting defendants’ motion for summary judgment.
For the above and foregoing reasons, the decision of the trial court granting summary judgment in favor of defendants New Orleans Jazz & Heritage Foundation, Inc. and L & R Security, Inc. is reversed and the case is remanded for trial on the merits.
BARRY, J., concurs with reasons.