GOTHARD, Judge.
This consolidated case arose originally from a three-car accident. Three third party insurer defendants have been dismissed by the district court and the dismissals have been affirmed by this court.[1] The present appeal is from summary judgment in favor of General Motors Acceptance Corporation (GMAC) for the balance of a promissory note, made by Russell S. Gill in payment for a Buick, and recognizing its security interest in the automobile.
The issue before us is whether summary judgment was appropriate in this case.
La.C.C.P. art. 966 provides for summary judgment as follows, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Article 967 sets out the requirements for documentary evidence and for opposing summary judgment, as follows in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Any doubt is to be resolved against the mover in favor of trial of the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The petition of GMAC, filed August 14, 1986, contained an act of sale and chattel mortgage dated July 3, 1985, showing that Russell S. Gill purchased from Crown Buick, Inc. a 1984 Buick Regal and including a promissory note for the amount of *1153 $14,337.60 signed by Gill as maker. The note had an acceleration clause and provided for attorney’s fees of 25% in the event it was referred to an attorney for collection. Attached to the plaintiffs motion for summary judgment, along with the note, was the affidavit of Ernest Osteen, representative of GMAC, attesting to the terms of the note, to the defendant’s failure to pay the installments since May 2, 1986, and to the amount due after the defendant had been credited with all unearned interest.
Although Gill denied owing the debt in his answer to the petition, he has at no time raised any specific defense against the note. In his memorandum opposing summary judgment he alleged that he was insured and that GMAC should collect from the insurer. No counter affidavits or documents were furnished to indicate that there was an unresolved question of material fact.
The documents produced by GMAC clearly show that Russell S. Gill owes the debt. Any obligation of an insurer to pay would run in favor of Gill, the insured, rather than GMAC, and the existence of insurance, if any, would not relieve Gill of his obligation to GMAC as maker of the note.
Finding no error of fact or law, we affirm the judgment of the district court.
AFFIRMED.

. General Motors Acceptance Corp. v. Gill, 525 So.2d 1108 (La.App. 5th Cir.1988); 551 So.2d 76 (La.App. 5th Cir.1989); 562 So.2d 484 (La.App. 5th Cir.1990).