ROBERT A. CHAISSON, Judge.
IgThis is an appeal by Matthew and Paula Mason (the “Masons”) from a summary judgment in favor of Bankers Insurance Group (“Bankers”) dismissing the Masons’ suit on grounds that their homeowners’ insurance policy does not provide coverage for the damages sustained. For the following reasons, we vacate the judgment and remand the matter to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY

The facts alleged in the petition are as follows. The residence at issue is a one story brick veneer house built on a cement slab. The Masons experienced several back-ups of a toilet that caused intrusion of raw sewerage, along with resultant bacterial contamination, into the home.[1] The Masons employed Steve Roberts Plumbing and Heating, Inc. to examine the plumbing system and to do the required repairs. A video inspection showed a separation below the toilet and sagging along other parts of the sewer line. Repairs involved tunneling under the |3slab, replacing and rehanging the main sewer lines, and refilling the tunnels. The cost of this work was $14,560.
The Masons submitted a claim to Bankers Insurance Group, their homeowners’ insurer. The claim was denied on grounds that the damage was not caused by a covered peril, or was otherwise excluded, and this suit followed. Cross motions for summary judgment were urged. Defendant’s motion was granted, while that of plaintiffs was denied. Plaintiffs now appeal both rulings.

ANALYSIS

The law as to summary judgments involving insurance coverage was well summarized in Smith v. Reliance Ins. Co. of Illinois, 01-888 (La.App. 5 Cir. 1/15/02), 807 So.2d 1010, as follows:
Summary judgment shall be rendered if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. *1090 art. 966(B). The burden of proof on a motion for summary judgment is on the movant to establish that no material factual issues exist. La. C.C.P. art. 966(C)(2); Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986). An insurer seeking to avoid coverage through summary judgment must prove that some exclusion applies to preclude coverage. Jackson v. Frisard, 96-0547 (La.App. 1st Cir.12/20/96), 685 So.2d 622, 629, writs denied, 97-0193 and 97-0201 (La.3/14/97), 689 So.2d 1386 and 1387. Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court’s grant of the judgment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
Bankers’ first contention is that the underground plumbing system of the Mason’s home is not a part of the “Covered Property” for which the Bankers’ policy affords coverage. In support of this contention, Bankers argues that the plumbing system is not a “structure attached to the dwelling” because it is not “a|4structure in which the insureds are capable of inhabiting, i.e., a building.” The pertinent provision relied on by Bankers provides:
Section 1 — Property Coverages
A. Coverage A — Dwelling
1. We cover:
a. The dwelling on the “residence premises” shown in the Declarations, including structures attached to the dwelling (emphasis added).
The plain language meaning of “structure”, as found in the Oxford English Dictionary, is “a building or object constructed from several parts” (emphasis added). The plumbing system is clearly an object constructed from several parts and it is necessarily attached to the Masons’ dwelling. Although Bankers attempts to read into the policy the requirement that an “attached structure” be habitable, the policy does not state, nor does it imply, that an attached structure must be habitable. If Bankers had intended to limit the definition of “structures attached to the dwelling” to structures that are habitable, it could have expressly done so when it drafted the policy. Words cannot be added, and the terms of the policy cannot be unreasonably constrained, to enlarge the policy’s provisions beyond what is reasonably contemplated by the unambiguous terms. Cugini, Ltd. V. Argonaut Great Central Ins. Co., 04-795 (La.App. 5 Cir. 11/30/04), 889 So.2d 1104, 1112.
Bankers additionally attempts to support its contention that the plumbing system is not part of the “Covered Property” based upon policy language contained in a subsection entitled “Exception to e.(6).” The pertinent language provides: ‘We do not cover loss to the system or appliance from which this water or steam escaped.” Bankers appears to interpret this language as a blanket exclusion of any damages to the plumbing system. However, Bankers’ reliance on this language to Dread such a blanket exclusion into the policy is misplaced. This provision, as its title suggests, provides coverage for damages that would otherwise be excluded under the provisions of Subsection A.2.c.(6). *1091 Therefore, this exception to the exclusions contained in Subsection A.2.c.(6) only becomes relevant if Bankers proves an exclusion from coverage for a cause of loss listed in Subsection A.2.c.(6). As will be discussed, Bankers has not proven that the damages to the plumbing system are excluded under Subsection A.2.c.(6).
Because Bankers is seeking to avoid coverage, it bears the burden of showing that an exclusion applies. Bankers relies essentially on two clauses in the policy which it claims excludes coverage, Subsection A.2.c.(6) and a provision entitled “Exception to c.(6),” which provide in pertinent part:
A. Coverage A-Dwelling and Coverage B-Other Structures
1. We insure against risks of direct physical loss to property described in Coverages A and B.
2. We do not insure, however, for loss:
[[Image here]]
(c) Caused by:
[[Image here]]
(6) Any of the following:
(a) Wear and tear, marring, deterioration;
(b) Mechanical breakdown, latent defect, inherent vice, or any quality of the property that causes it to damage or destroy itself;
[[Image here]]
Exception To c.(6)
Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a:
(ii) Plumbing, heating, air conditioning or automatic fire protective sprinkler systems or household appliance on the “residence premises.” This includes the cost to tear out and replace any part of the building, or other structure, on the “residence premises,” but only when necessary to repair the system or | fiappliance. However, such tear out and replacement coverage only applies to other structures if the water or steam causes actual damage on the “residence premises.”
We do not cover loss to the system from which this water or steam escaped, (emphasis added).
In order for Bankers to prove that the damage to the plumbing system is excluded from coverage pursuant to subsection A.2.c.(6), Bankers must prove the cause of the damage. Bankers introduced the affidavit of its adjuster, Eddie Horrell. Mr. Horrell inspected only the interior of the Masons’ home and did not inspect the plumbing system. Mr. Horrell does not offer any opinion as to the cause of the damage to the plumbing system and clearly he is not in a position to do so. Bankers contends that the affidavit of the Masons’ expert, Stephen Roberts, establishes the cause of the damage to the plumbing system. However, although Mr. Roberts’ affidavit states that damage has occurred to the plumbing system and describes that damage, Mr. Roberts does not offer any opinion as to the cause of that damage. There is no evidence whatsoever in the record to establish what caused the damage to the plumbing system. Since Bankers has not proven the cause of the damage, there exists a genuine issue of material fact as to whether the damage to the plumbing system itself is excluded from coverage under Subsection A.2.c.(6). Therefore, summary judgment is not appropriate on the issue of whether the damages to the plumbing system itself are excluded from coverage.
If Bankers is able to prove that the cause of the damages to the plumbing system is “wear and tear, marring, deterioration” or “mechanical breakdown, latent defect, inherent vice, or any quality and *1092 property that causes it to damage or destroy itself’, then the subsection entitled “Exception to c.(6)” still provides coverage for damages, other than damages to the plumbing system itself, caused by the escaping water. As previously stated, the subsection entitled “Exception to |7c.(6)” only becomes relevant should Bankers prove that the cause of the damages to the plumbing system itself is one of the listed causes in Subsection A.2.c.(6). Nevertheless, we note that there are factual matters in dispute as to this exception, particularly as to the issue of “actual damage on the ‘residence premises.’” Matthew Mason stated in his affidavit that the toilet had actually overflowed on numerous occasions. Stephen Roberts, the Masons’ plumber, stated in his affidavit that such overflows necessarily cause damage in the form of bacterial contamination. Eddie Horrell, Bankers’ adjuster, stated in his affidavit that it was his understanding that the toilet had never overflowed, but was only draining slowly. He also stated that he found no damage in the bathroom. Because these are factual disputes related to coverage under the “Exception To c.(6)” clause, summary judgment is also not appropriate on the issue of coverage for damages other than those to the plumbing system itself.
Additionally, the Masons contend that the reasonable costs of necessary repairs to their plumbing system are covered under “Coverage E — Additional Coverages”. Subsection 2.a of Coverage E states:
We will pay the reasonable cost incurred by you for the necessary measures taken solely to protect covered property that is damaged by a peril insured against from further damage.
However, Subsection 2.b specifically provides that Bankers will only pay for such repairs “if that property is covered under this policy.” Therefore, whether or not Bankers is responsible under Coverage E for any of the repairs to the plumbing system itself is necessarily dependent upon a determination of whether damages to the plumbing system are excluded under Subsection A.2.c.(6).
Because of these factual disputes, it was error for the trial court to grant Bankers’ Motion for Summary Judgment. Also because of these factual disputes, the denial of plaintiffs’ cross motion for summary judgment was proper.
|sFor the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Bankers Insurance Group is hereby vacated, the judgment denying Matthew and Paula Mason’s cross motion for summary judgment is affirmed, and the matter is remanded to the district court for further proceedings.

JUDGMENT VACATED IN PART AND AFFIRMED IN PART; MATTER REMANDED

EDWARDS, C.J., concurs.

. The Masons were able to timely clean the sewerage back-ups and it does not appear that any damage was done to the interior of the home other than the alleged bacterial contamination.